**CAUSBY et ux. v. UNITED STATES.**

No. 46054.

Court of Claims.

Jan. 5, 1948.

William E. Comer, of Greensboro, N. C., for plaintiff.

Mr. Marvin J. Sonosky, of Washington, D. C., and A. Devitt Vanech, Asst. Atty. Gen., for defendant.

Before JONES, C. J., and WHITAKER, HOWELL, MADDEN and LITTLETON, JJ.

WHITAKER, Judge.

In the foregoing findings of fact we have described the easement taken by the defendant as the right to fly its planes through the airspace over plaintiffs' property at altitudes between 83 feet and 365 feet above the surface of the ground. Eighty-three feet is the height above the ground of the safe glide angle, below which defendant's airplanes did not claim the right to fly. Three hundred sixty-five feet is 300 feet above the tallest object on plain-

tiffs' property. Three hundred feet is the minimum safe altitude fixed by the Civil Aeronautics Authority at which any type of airplane may fly over any sort of terrain. To this we have added the height of the tallest object on plaintiffs' property, and we have said that defendant imposed a servitude on plaintiffs' property by asserting the right to fly its airplanes through the airspace between 83 feet and 365 feet. We have so limited the maximum altitude of the airspace through which the right to fly its airplanes was asserted because of the act of Congress declaring that the airspace above this altitude is free navigable airspace open to all, 49 U.S.C.A. § 180, and because of the situation of this property and the use to which it was being put and any probable use that might be made of it in the future. Taking into consideration the situation of this property and its actual and probable future use, we are of opinion that the flight of airplanes above this altitude of 365 feet imposed no real servitude on it.

■ The result of this, we recognize, is to vest in the United States the right to fly its airplanes at any altitude above 365 feet with impunity. This, of course, would prevent the plaintiffs from erecting on their property a building of the height of the Empire State Building or of any structure more than 365 feet in height. Were this property located at a place where there was any likelihood that such a structure would be erected on it, the defendant, without paying for it, would have no right to the airspace above the property to an altitude so low as would prevent such a structure from being erected. But here there was but the most remote possibility that plaintiffs would ever put this property to such a use. The flight of airplanes above their property at a greater altitude than 365 feet in no way interfered with their possession and enjoyment of it or with any use they might conceivably make of it. In such case we do not think the defendant should have to pay for the right to fly its airplanes above this altitude. Stated otherwise—if defendant flew its airplanes at 366 feet or more above

this property, we do not think it can be said that it has imposed a servitude upon it.

But in a case where the possibility of the erection of a structure above this minimum height is a real one, and not merely fanciful, we would, of course, be presented with a different problem.

Since defendant has now abandoned the easement, we do not need to consider what plaintiffs' rights would have been if later, contrary to all expectations, they should have decided to erect on their property a structure that would have interfered with this right of flight, and defendant should have continued to insist on the right.

■ We have allowed recovery for the destruction of plaintiffs' chickens as the result of the exercise of the easement taken. This is on the reasoning of the cases holding that an owner whose property is destroyed, as by flooding, is entitled to compensation. Pumpelly v. Green Bay and Mississippi Canal Company, 13 Wall. 166, 181, 20 L.Ed. 557; United States v. Lynah, 188 U. S. 445, 23 S.Ct. 349, 47 L.Ed. 539; United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746; Portsmouth Harbor Land & Hotel Co. v. United States, 260 U.S. 327, 43 S.Ct. 135, 67 L.Ed. 287; Portsmouth Harbor Land & Hotel Co. v. United States, 250 U.S. 1, 39 S.Ct. 399, 63 L.Ed. 809, and Peabody v. United States, 231 U.S. 530, 34 S.Ct. 159, 58 L.Ed. 351. We see no difference in the destruction of personal property and real property, where in either case the owner is deprived of its use, not by a negligent act, but as the natural consequence of the deliberate, intended exercise of an asserted power. In each case there is a taking for which the Constitution requires just compensation.

Judgment will be entered for the plaintiffs against the defendant in the sum of $1,435.-00, plus compensation for delay in payment computed at 4 percent per annum from June 1, 1942, until the day of payment. It is so ordered.

JONES, C. J., and HOWELL, MADDEN, and LITTLETON, JJ., concur.