Taet, J.,
dissenting in part. So far as the action of Milton and Clara Lucas is concerned (case No. 35217) I concur in the judgment reversing the judgment of the Court of Appeals, but I regard it as unfortunate that neither the majority opinion nor any opinion in the cases it cites has even endeavored to distinguish or notice Board of County Commissioners of Portage County v. Gates, 83 Ohio St., 19, 93 N. E., 255, or Grimwood v. Commissioners of Summit County, 23 Ohio St., 600, cited by the defendant county.
In the petition in the case of Milton and Clara it is alleged that ‘ ‘ what was done by defendant county constituted a continuing trespass upon plaintiffs’ land which defendant * * * could not prevent except by discontinuing the use of said land for a garage, which it will not do”; and the facts alleged in their petition justify that conclusion.
Notwithstanding the suggestion in the syllabus to the contrary, I believe that the facts in plaintiffs’ petition in that case would state a cause of action against the county even if plaintiffs had alleged that the county had negligently or maliciously physically encroached upon their land and thereby deprived plaintiffs of the use and enjoyment of such land. Also, I believe that it is essential to the statement of a cause of action that there should be allegations, and there are, indicating not only an encroachment for a substantial period of time on the plaintiffs’ land but a full realization by the defendant county that it. was so continually encroaching thereon, and not merely allegations indicating a sudden and unrepeated damage to the property as alleged in the action by Harry Lucas, — a damage as transitory as might be caused by a collision of a plaintiff’s *428 automobile with an automobile of the defendant county being operated in the performance of a governmental function. Cf. Causby v. United States, 75 F. Supp., 262, where “the destruction” held to be a “taking” was “the natural consequence of the deliberate, intended exercise of an asserted power.”
However I cannot agree with the conclusion summarily reached in the majority opinion that, because Section 19 of Article I of the Ohio Constitution makes no distinction between real and personal property, Harry Lucas’s petition (case No. 35218) states a cause of action. The Court of Appeals of Kentucky may have reached a similar conclusion in 1935 but it cites no authority for its conclusion, gives no reasons therefor, and its decision reaching that conclusion has never until now been judicially noticed.
Of course, there may be a “taking of” personal property within the meaning of Section 19 of Article I of the Ohio Constitution, but the question in the instant case is not whether there can be such a “taking” but whether there was such a “taking” of personal property.
In the amended petition of Harry Lucas, he alleges that he “was the owner of certain building material and equipment stored upon real estate owned * * * by Milton * * * and Clara * # * Lucas”; “that defendant county * * * purchased * * * land * * * for the purpose of erecting thereon a county garage and for other public purposes incident thereto [all such purposes being admittedly governmental purposes], which * * * abuts on” said real estate of Milton and Clara; “that in the spring of 1954 defendant * * * in preparation for the construction” of such garage made excavations and fills on its land so “that the area of defendant’s land cut down and the area that was filled was not left at its former or at a level grade, but thereafter had a sharply accelerated easterly downward grade toward the property upon which plaintiff’s building materials and equipment” were located; that defendant so compacted the earth as to make it “impervious to water so that the natural surface water collecting on defendant’s land could no longer sink into the earth, but * * * by reason of the accelerated slope * # * toward the east, the flow of surface water during and immediately after a rain * * * was very greatly increased and *429 * * * ejected with great force onto and overflowed and inundated the property upon which plaintiff’s material and equipment was located”; and “that on June 18, 1954, as the result of a very heavy rain which fell upon the land of the defendant, the surface water collected thereon was ejected with great force from the land of the defendant onto the land whereon plaintiff’s material and equipment were located and carried with said water, mud, slag, stone and debris which ran onto, over and around said materials and equipment, completely covering and imbedding the same in mud, slime and debris, destroying and making said material and equipment unfit for use and worthless.”
Admittedly, what defendant county was doing on its property was lawful and there are no allegations with respect to any negligence of such defendant. It is apparent therefore that the petition would state no cause of action against a defendant that did not enjoy the immunity from suit of a Board of County Commissioners.
Thus in O’Day v. Shouvlin, 104 Ohio St., 519, 136 N. E., 289, 25 A. L. R., 980, the syllabus reads in part:
“The maxim, sic utere tuo ut alienum non laedas, is not a hard and fast rule applied, under all circumstances, to the use of property by adjoining proprietors. If the business is lawful, and the facilities employed are not inherently noxious or dangerous, but are operated by means of modern appliances in the usual and ordinary method, such business is not a nuisance per se, nor is its owner liable as an insurer.
“A petition alleged that the defendant was the owner of a plant employing a cupola for its operation; that the cupola was 218 feet distant from plaintiff’s dwelling house; that in its operation sparks escaped from the cupola and, carried by wind blowing in the direction of plaintiff’s dwelling, destroyed it. Held: In the absence of allegations of negligence, the petition was demurrable.”
See also Langabaugh v. Anderson, 68 Ohio St., 131, 67 N. E., 286, 62 L. R. A., 984, and Ruffner v. Cincinnati, Hamilton & Dayton Rd. Co., 34 Ohio St., 96.
If the petition in the instant case would not even state a cause of action for damages against a defendant that did not *430 enjoy the immunity from suit of a Board of County Commissioners, how could it be considered as stating a cause of action against such a board, and how could the facts alleged in that petition involve a “taking” of the personal property damaged within the meaning of Section 19 of Article I? As stated in 2 Nichols on Eminent Domain (3 Ed.), 285, Section 6.38:
“That a use of land which, though causing injury to the neighboring land, would not be actionable at common law, — in other words, a use that would not constitute a private nuisance, —is not a taking is universally conceded to be true. When, however, the injury is of a kind which would create liability at common law a more difficult question arises. ’ ’
There are not even any allegations in the petition that defendant county took possession of, got any benefit from, used or otherwise appropriated plaintiff’s materials and equipment. See Pontiac Improvement Co. v. Board of County Commrs. of Cleveland Metropolitan Park District, 104 Ohio St., 447, 135 N. E., 635, 23 A. L. R., 866; May v. Board of Commrs. of Logan County, 30 F., 250; 2 Lewis on Eminent Domain (3 Ed.), 1277, Section 728; 2 Nichols on Eminent Domain (3 Ed.), 212, Section 5.84; and Orgel on Valuation under Eminent Domain (2d), 12, Section 3.
In 1 Lewis on Eminent Domain (3 Ed.), 51, Section 62, it is said:
“In regard to personal property, no question can ordinarily arise. It is seldom necessary to appropriate it, but if appropriated, it is taken-, if not appropriated, it can be removed beyond the influence of any particular improvement and so escape the deterioration or injury it might otherwise sustain.”
As stated in 18 American Jurisprudence, 895, Section 255:
“A taking by eminent domain does not include the personal property lying on the premises taken, but not affixed thereto; and it is well settled in most jurisdictions that damages for injury to such personal property or the expense of removing it from the premises taken are not proper elements of compensation.”
Matthias and Herbert, JJ., concur in the foregoing opinion by Taet, J.