MaddeN, Judge,
delivered the opinion of the court:
The plaintiffs sue the United States for the taking of their property without compensation. They allege that they were the owners of a clear water lake in the town of San Marcial, New Mexico; that they operated the property as a resort for fishing and wild fowl hunting and boating; that the United States in the course of carrying out a public project on the nearby Rio Grande River caused the heavily silted water of that river to be turned into the plaintiffs’ lake; that the silting killed the fish and ultimately filled up and obliterated the lake; that in consequence the plaintiffs’ property became substantially worthless.
The United States in its answer, so far as seems pertinent to the present motions, admits that it caused some of the waters of the Rio Grande to be diverted into the plaintiffs’ lake; denies that it did so without authority; and denies that it caused all the siltation of the lake. It alleges that the plaintiffs had in 1950 granted flowage rights over their lands to The Atchison, Topeka and Santa Fe Railway Company and its successors and assigns and that the Railway Company had, in 1953, assigned to the United States its rights under that grant.
The United States, for its seventh defense, asserts that if the plaintiffs were damaged, a substantial part or all of the damage resulted from acts, omissions and negligence of the Railway Company, and says that if the court finds that the plaintiffs are entitled to recover from the United States, the United States should have a like recovery over and against the Railway Company.
The United States, in a separate pleading, filed a “Contingent Claim” against the Railway Company, on the ground recited in the seventh defense of its answer.
The Railway Company filed an answer to the Government’s contingent claim. That answer confirmed the Government’s statement that the plaintiffs had in 1950 granted flowage easements to the Railway and that the Railway had *590 in 1953 assigned those flowage rights to the Government. The Railway’s answer pointed out, however, that its assignment to the Government was not to have the effect of “destroying, diminishing or affecting” the Railway’s rights under its grant from the plaintiff.
The Railway Company prayed that the Government’s contingent claim against it be dismissed. Then, in a further pleading, it made the two motions which are the subject of the instant proceeding. It says that the cause of action is res judicata because the plaintiffs had sued the Government for the same injuries in the United States District Court for the District of New Mexico, that suit being brought under the Federal Tort Claims Act; the Railway had been made a third party defendant in that action; that action had been dismissed by the court on the ground that the acts of the Government’s agents were discretionary acts and were therefore within the exceptions recited in section 2680 of Title 28 of the United States Code. The Railway urges that the actions complained of by the plaintiffs were torts; that they cannot be sued upon in this court; and that if they were, otherwise, within our jurisdiction, suit is barred by the doctrine of res judicata.
The Railway also urges that, in any case, the plaintiffs cannot recover from it because of their 1950 grant to it of the flowage easement. It also urges that the Government, by reason of its assignment from the Railway in 1953, is not liable to the plaintiffs. The Railway also pleads the New Mexico four-year statute of limitations.
The Government, in responding to the Railway’s motions, points out that the District Court, in dismissing the plaintiffs’ suit under the Federal Tort Claims Act, specifically refrained from deciding whether they had a right under the Tucker Act. The Government also disagrees with the Railway’s contention that the plaintiffs’ suit is based solely upon a tort and is therefore not within the jurisdiction of this court. It points out that the Government activities of which the plaintiffs complain were carried on by the Bureau of Reclamation pursuant to Congressional authorization, and pursuant to a contract and grant made between the plaintiffs *591 and the Railway and assigned by the Railway to the Government.
The Government says that its third-party petition against the Railway asserts that the damage, if any, to the plaintiffs’ property, was caused by the Railway’s negligence; that that allegation presents an issue of fact; and that the Railway’s motions should be denied.
The Railway’s assertion of res judicata is not valid. The District Court said:
(1) That the Complaint of the plaintiffs filed herein fails to set forth a claim recognizable by law under Title 28, U.S.C.A., Sec. 1346, for the reason that the claim alleged in said Complaint falls within an exception to the said Act, which said exception appears in Title 28, U.S.C.A., Sec. 2680.
(2) That this Judgment is not to be construed to preclude the plaintiffs from initiating claims, if any they have, in proper forums, seeking reimbursement for loss of property rights,_ if any; provided, however, that this conclusion of law is not to be construed as adjudicating that the plaintiffs, or either of them, are vested with such right or rights of recovery.
The District Court was, in effect, dismissing the case because it did not have jurisdiction to decide it. That did not foreclose another court, which had jurisdiction, from entertaining a suit upon the same cause of action.
The Railway’s assertion that this court does not have jurisdiction because the claim is for a tort is not valid. The conduct complained of, diversion of river water into a clear water lake with the ultimate effect of filling up the lake with silt and obliterating it, thus largely destroying the value of the land for the purposes for which it had been used, would seem to be a taking such that the claim for it would be a claim founded upon the Constitution. Cf. United States v. Causby, 328 U.S. 256. For this court’s decision in Causby, see 104 Ct. Cl. 342, 109 Ct. Cl. 768.
The Railway’s contention that the claim is barred by the New Mexico four-year statute of limitations is not valid. Congress has prescribed the period of limitation for suits in this court and the plaintiff’s petition 'was filed within that period.
*592 Tbe Eailway says that the plaintiffs’ 1950 grant to it of an easement of flowage prevents the plaintiffs from recovering in this case. If the plaintiffs were suing the Eailway, it would be necessary to consider and interpret that grant and determine whether it gave to the Eailway the privilege of silting the plaintiffs’ lake. But the plaintiffs are not suing the Eailway. They are suing the Government for what the Government did. The Government, by bringing the Eail-way in as a third party defendant, seems to be asserting that in some way the Eailway by its negligence caused damage for which the Government might be held responsible to the plaintiffs. It is not easy to imagine how that might occur, but the Eailway has not raised that question.
The Eailway urges that since it had an easement of flow-age, and had assigned that easement to the Government, the Government had the privilege of silting the plaintiffs’ lake and the plaintiffs’ case against the Government should fail. The Government pleads that defense in its answer to the plaintiffs’ petition, but it has not moved for a summary judgment upon that ground. We suppose that a failure of the principal defendant to move for judgment on the pleadings or for a summary judgment, in a proper case, does not prevent a third party defendant from doing so. If he can get the petition dismissed, that will close the case and eliminate any possibility of his being liable as a third party defendant. However, in the instant case, the question of the effect of the Eailway’s purported assignment to the Government of the Eailway’s flowage easement over the plaintiffs’ land would be a troublesome one. It would seem that such an easement would be appurtenant to a specific dominant estate and that it could not be assigned in gross to a third person whose use of it might be much more burdensome to the servient estate than the use by the original grantee of the easement would have been. The fact that the plaintiffs’ grant was to the Eailway and “its successors and assigns” would not be significant, since those words would naturally refer to successors to the ownership of the dominant estate. The problems arising out of the Eailway’s assignment have not been briefed, and the fore *593 going cursory observations are not to be taken as a decision of any of these problems.
The motions of the third party defendant are denied.
It is so ordered.
Dureee, Judge; Laramore, Judge; Whitaker, Judge; and JONES, Chief Judge, concur.