868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wallace H. PEDE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1572.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1989.
 
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States Claims Court, No. 564-86C, dismissing Pede's complaint for failure to meet the six-year limitation set out in 28 U.S.C. Sec. 2501 is affirmed.
 
 OPINION
 
 2
 Assuming the inventory of Craine's Boutique, Inc. was taken by the Small Business Administration, which is not altogether certain, Pede's cause of action accrued more than six years before he filed his complaint on September 10, 1986. Accordingly, it is barred by 28 U.S.C. Sec. 2501, and the Claims Court had no jurisdiction.
 
 
 3
 Property is "taken" within the meaning of the fifth amendment when government action "directly interferes with or substantially disturbs the owner's use and enjoyment of the property." Pete v. United States, 531 F.2d 1018, 1031 (Ct.Cl.1976). This holds true for personal property where " 'the owner is deprived of its use ... as the natural consequence of the deliberate, intended exercise of an asserted power' of the government." R.J. Widen Co. v. United States, 357 F.2d 988, 993 (Ct.Cl.1966) (quoting Causby v. United States, 75 F.Supp. 262, 264 (Ct.Cl.1948)). Here, before the critical date of September 10, 1980, Pede had been effectively precluded from using the Boutique inventory for his own purposes: it is undisputed that by then the inventory had been seized and subjected to public sale and auction.
 
 
 4
 Pede says there is no time bar because "[t]he cash from the converted Boutique property has never been placed in the U.S. Treasury," and because the government has not shown that the final item of inventory was sold before September 10, 1980. But according to United States v. General Motors Corp., 323 U.S. 373, 378 (1945), it is "the deprivation of the former owner rather than the accretion of a right or interest to the sovereign [that] constitutes the taking." Moreover, the determinative factor is not whether the owner has been completely deprived of his property, but whether there has been a substantial invasion of his interests. United States v. Cress, 243 U.S. 316, 328. (1917) ("[I]t is the character of the invasion, not the amount of damage resulting from it, so long as the damage is substantial, that determines the question whether it is a taking"). See also General Motors, 323 U.S. at 378 ("Governmental action short of acquisition of title or occupancy has been held, if its effects are so complete as to deprive the owner of all or most of his interest in the subject matter, to amount to a taking"); Aris Gloves, Inc. v. United States, 420 F.2d 1386, 1391 (Ct.Cl.1970) ("A taking can occur simply when the Government by its action deprives the owner of all or most of his interest in his property").
 
 
 5
 Pede's contention that the statute of limitations should be tolled because "the Government concealed and engaged in a cover-up to thwart Appellant from discovering what happened to his property and just when it happened," also fails. In a proper case circumstances like those alleged might justify a tolling of the statute, Welker v. United States, 752 F.2d 1577, 1580 (Fed.Cir.1985), but not here. Although Pede says the SBA repeatedly represented to him that the Boutique inventory was no longer pledged to secure the loan to Craine's Furniture Co., it is undisputed that the security interest had been duly recorded with the Texas Secretary of State, and was readily available for public inspection. And while Pede takes issue with the SBA's failure to notify him of the sales of inventory, he does not dispute that they were public and advertised.