## UNITED STATES v. C. M. LANE LIFE-BOAT CO., Inc., et al.
### No. 7497.

District Court, E. D. New York.
Nov. 22, 1938.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and William S. Perlman, Asst. U. S. Attys., and Frank J. Parker, all of Brooklyn, N. Y., of counsel), for the United States.

Odin Gustafson, of New York City, for defendants.

Fogarty, Ramey & Moynihan, of New York City, for Walter J. Krolman.

GALSTON, District Judge.

This is a motion for an order permitting Walter J. Krolman to intervene as an interested party defendant, pursuant to the provisions of Rule 24 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The United States of America, in July 1929, entered into various contracts with the defendant, C. M. Lane Lifeboat Company, Inc., in which the Government agreed to purchase certain lifeboats from that defendant. The other defendant, Hartford Accident & Indemnity Company, executed and issued performance bonds in favor of the Government for the manufacture of these lifeboats. Under the terms of the contracts the Government claims that the defendants undertook to hold the Government free and harmless of any liability resulting from the purchase of the boats, including any liability that might arise from the embodiment therein of a patented invention.

Subsequently the Welin Davit and Boat Corporation, because of these purchases, commenced an action against the Government in the Court of Claims for damages

caused by the alleged infringement of a certain Lundon patent. Infringement was found by that court and the Government was compelled to pay damages. This action seeks to recover from the defendants the amounts so paid.

As appears from their answer, the defendants apparently rest their case on the contention that the Lundon type of boat was specified by the Government and accordingly fell within the exception set forth in Article 15 of the contract, which in effect provides that the contractor shall be free of liability if devices embodying patented inventions are specified by the Government.

The petition for intervention discloses that as a condition precedent to the issuance of the performance bonds by the defendant, Hartford Accident and Indemnity Company, Krolman, who was president of the Lifeboat Company, and one Oscar Hoops, who was vice-president, executed as individuals an indemnity agreement wherein they bound themselves to indemnify the insurance company for any monies which it might be required to pay as a consequence of having issued the bonds. It further appears from the petition that both defendants retained the present attorney of record. This attorney and the petitioner, so it is alleged, are not on friendly terms, and he is asserted to be serving the best interests of Hoops, the co-indemnitor, with whom the petitioner is likewise on unfriendly terms.

Rule 24 of the Rules of Civil Procedure in part provides: "Rule 24: Intervention. (a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action; * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

It is clear that any judgment rendered against the insurance company would enable the insurance company to proceed against its indemnitors. It is difficult to see what the defense to such an action would be except collusion or fraud or failure to exercise due diligence in the trial of the action in which the insurance company suffers a judgment to be obtained against it. The petitioner certainly has a vital interest in the outcome of this case even though he is not a party to it. It is no answer to assert that he could not have been made a party defendant by the plaintiff. Concededly the plaintiff has no right of action against the petitioner. On the other hand the rule in question, like all of the rules of civil procedure, should be liberally interpreted. The provision quoted would seem to apply in this case, for a judgment against the insurance company, though it would not directly bind the petitioner, would, in the last analysis, do so indirectly. Then too, there is something to be said as to the adequacy of the representation of his interest. He says that he is not on friendly terms with the attorney who in effect is representing his interest.

The plaintiff has urged that it will be prejudiced because if the petition is granted the defendants would have the opportunity of two openings to the jury and for additional and special examination and cross-examination. These arguments seem to me to be without weight, for such matters may safely be left to the control of the trial judge.

The motion is granted. Settle order on notice.