**OLIVER–FINNIE COMPANY**

v.

'The UNITED STATES (the WESTON BISCUIT COMPANY, Inc., Megowan-Educator Food Company, Sunshine Biscuits, Inc., and Carr-Consolidated Biscuit Company, Third Party Defendants).

No. 473–53.

United States Court of Claims.

Jan. 31, 1956.

———————

Donald R. Wellford, Memphis, Tenn., Snowden, Davis, McCloy, Donelson & Myar, Memphis, Tenn., on the briefs, for plaintiff.

Wallace R. Sollo, Chicago, Ill., Brown, Fox, Blumberg & Markheim, Chicago, Ill., on the briefs, for Carr-Consolidated Biscuit Co.

Kendall M. Barnes, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff, Oliver-Finnie Company, brought this suit against the Government to recover for the breach of a contract under which it was to assemble certain food components furnished by the Government into combat rations for the Army. The issue in the case involves the responsibility for the infestation of a portion of the cookie and cracker components.

On motion of the Government the suppliers of those food items were impleaded as third parties. In addition to denying liability to plaintiff and asserting counterclaims against plaintiff, the Government has filed contingent claims against these third parties contending that they are responsible for the infestation if the plaintiff is not.

The case is presently before the court on plaintiff's motion for summary judgment which is directed to that part of its claim which seeks to hold the Government liable for furnishing to it infested cookies and crackers, and asks dismissal of the Government's counterclaim against it for damages in permitting the infestation of Government-furnished materials. The plaintiff also asks that the action of the court on defendant's motion impleading the suppliers be vacated and that they be dropped as parties in this case. There also has been filed by Carr-Consolidated Biscuit Company, one of the four third parties, a motion for judgment on the pleadings which seeks a dismissal of the Government's contingent claim on the grounds that this court, under the facts in this proceeding, lacks jurisdiction over it as well as the other third parties.

The third parties were impleaded under section 14(b) of the Contract Settlement Act of 1944, 58 Stat. 663, which provision is now found in 41 U.S.C.A. § 114(b). The pertinent part of that statute reads as follows:

"The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the Court of Claims shall prescribe. * * *"

While plaintiff and the Carr-Consolidated Biscuit Company in their respective motions have raised a number of grounds in support of their position that the third parties are not proper parties in this case, we find that a discussion of only one of the grounds is needed to dispose of these motions.

Under its separate and distinct contract with plaintiff, the Government agreed to furnish the various food components. In so doing it entered into separate contracts with each of several food manufacturers, among whom were the four firms now joined as third parties. These firms manufactured and shipped to plaintiff cookies and crackers and were paid in full therefor by the Government.

 We are of the opinion that the third party practice authorized in this court by the above statute is limited to those situations where any interest which the would-be third parties may have

against the Government or the Government against them is derived through the contract or claim upon which the plaintiff instituted suit. See the order entered in Weiss v. United States, 130 Ct.Cl. 815. We are of the opinion that we may not give the word "interest" as it appears in this statute the broad meaning urged by the Government. Here the Government is not asserting its claims against these third parties through plaintiff's contract with it nor are the third parties making any claim against the Government either in respect to plaintiff's contract in which they have no interest or under their own contracts with the Government. Accordingly, we think they are not proper parties in this case. If, upon the merits, the plaintiff proves that it is entitled to recover from the Government under its contract, and if the Government believes that some or all of the firms who, under separate contracts, manufactured the food articles for it, breached their contracts, the Government has its remedy in the proper forum.

Plaintiff's motion to drop the third parties and the motion by Carr-Consolidated Biscuit Company for judgment on the pleadings are granted, and defendant's contingent claims against Carr-Consolidated Biscuit Company and the other third parties,[1] whose position in so far as this case is concerned is identical with that of the Carr-Consolidated company, are dismissed.

Plaintiff's motion for partial summary judgment is denied and the case in so far as plaintiff's claims under its contract and the Government's counterclaims are concerned is referred to a commissioner of this court for further proceedings.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.

1. Weston Biscuit Company, Inc., Megowan-Educator Food Company and Sunshine Biscuits, Inc.