### RICHFIELD OIL CORPORATION
### v.
### The UNITED STATES.

The Los Angeles County Flood Control District, Third Party Defendant, and Robert C. Kirkwood, controller of the State of California, and Harvey O. Banks, Director of the Department of Water Resources of the State of California, Third Party Defendants.

#### No. 513–55.

United States Court of Claims.
May 8, 1957.

**334**

Edmund G. Brown, Atty. Gen., and B. Abbott Goldberg, Deputy Atty. Gen., on the briefs for the third party defendants, Robert C. Kirkwood and Harvey O. Banks.

Harold W. Kennedy, County Counsel, Los Angeles, Cal., on the brief for the third party defendant, Los Angeles County Flood Control District.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues for the value of an oil pipeline and the right of way for the pipeline, claiming that the Government took these properties when it, in the construction of a flood control project required the removal of a railroad bridge to which the plaintiff's pipeline was attached, and thus compelled the plaintiff to remove and relocate its pipeline.

The Government denies liability to the plaintiff and asserts, as affirmative defenses, that the plaintiff had its pipeline attached to the railroad's bridge under a license revocable on 60 days' notice by the licensor, and therefore did not own a compensable interest; that the railroad agreed with the Government to cause the removal of the pipeline without expense to the Government; and that, pursuant to an Act of Congress, and action of the Board of Supervisors of the Los Angeles County Flood Control District, the District assumed the obligation of providing without cost to the United States all lands, easements, and rights of way necessary for the construction of the project, and to hold and save the United States free from claims for damages resulting from the construction of the project.

The Government has also interposed a contingent claim against the Los Angeles County Flood Control District, asserting the District's obligations with regard to the project and praying that if it is held in this action that the Government is liable to the plaintiff, the

Government may have a judgment for the same amount against the District.

The District has filed an answer to the plaintiff's complaint and the Government's contingent claim. It asserts that the plaintiff had only a revocable license, a noncompensable interest. It asserts that the river across which the bridge and pipeline were constructed was a natural watercourse, and the Government's improvement of it was reasonable and necessary. Perhaps we are to imply from the last stated assertion that the Government was not liable for any harm caused by the improvement.

The District also filed a "Motion To Bring In Additional Parties" which motion was allowed and notices issued. The additional parties are the Controller of the State of California, Robert C. Kirkwood, and the Director of the Department of Water Resources of the State of California, Harvey O. Banks. The District says in effect that under the law of California the State has undertaken to pay the District what the District may have to expend in connection with the flood control project.

Kirkwood and Banks represented by the Attorney General and the Deputy Attorney General of the State of California have filed a motion to dismiss the claim of District against them. That motion is the only thing we have presently for decision. The movants state the question thus:

"do the statute and the rules authorize the impleading of the contingent debtor's contingent debtor?"

Section 114(b) of Title 41 of the United States Code Annotated reads as follows:

"(b) The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings * * *. Upon appearance by any person pursuant to any such summons or notice, the case as to such person shall, for all purposes be treated as if an independent proceeding had been instituted by such person pursuant to section 250 of Title 28 * * *."

The principal purpose of the statute was not, we think, to provide for the adjudication of all possible rights and obligations which might stem, however remotely, from the transaction involved in the principal suit. It was to permit the parties to bring in other persons who might, if not foreclosed, later show that they owned or had an interest in the claim sued on, or whose possible right might, if not foreclosed, be used as a defense by the United States to defeat the principal claimant. It was also intended to permit the United States to bring in parties who were under a duty to save it harmless from judgments such as the one sought by the plaintiff, and to recover money from parties to which it had paid the money which it might be adjudged to have to pay to the plaintiff.

The alleged contingent liability of the State of California to the District, which would arise only if the contingent liability of the District to the United States were to become actual, does not fall within the purposes which we have suggested.

The District quotes from the case of Commercial Union Assurance Co. v. American Central Insurance Co., 68 Cal. 430, 432, 9 P. 712, 713 as follows:

" * * * where one is bound to protect another from liability he is bound by the result of a litigation to which such other was a party, provided he had notice of the litigation, and opportunity to control and manage it * * *."

It cites also Sawyer v. Sunset Mutual Life Insurance Co., 8 Cal.2d 492 at page 500, 66 P.2d 641 at page 645. This being the law of California, the asserted purpose of the District in seeking to summon the State is already fulfilled. The State is on notice of the litigation.

If it desires it may ask for the opportunity to control and manage it. If it does so the District may grant that request. If it does not so request, it will still be bound by the judgment.

In the circumstances, we are not inclined to stretch the third party statute to the utmost possible limits, since it would seem that nothing useful would be gained by doing so. We therefore grant the motion of the third party defendants Kirkwood and Banks, and the claim of the third party defendant, the Los Angeles County Flood Control District, against them is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.