**CHRISTY CORPORATION**

**v.**

**The UNITED STATES, and HARCO ENGINEERING, a Division of Harbor Boat Building Company, Third-Party Defendant.**

**No. 291-66.**

United States Court of Claims.

Dec. 15, 1967.

Alexander M. Heron, Washington, D. C., attorney of record, for plaintiff. E. L. Everson, James L. Everson, James L. Whitney, Green Bay, Wis., John A. Whitney, and Murray S. Simpson, Jr., Washington, D. C., of counsel.

Frances L. Nunn, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Robert L. Winters, Washington, D. C., for third-party defendant. Charles S. Rhyne, Washington, D. C., attorney of

record. R. D. Sweeney, J. E. Simpson, Los Angeles, Cal., and Rhyne & Rhyne, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

COWEN, Chief Judge.

This case presents a question of the scope of this court's jurisdiction over third parties impleaded under Section 14 (b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b) (1964). The relevant facts are as follows:

Plaintiff Christy is a corporation engaged in the shipbuilding business. It contracted to construct a research oceanographic vessel for the Department of the Interior, Bureau of Commercial Fisheries. Plaintiff alleges that defendant impliedly warranted the plans and specifications for the vessel to be correct and complete, that in fact there were basic errors in the plans and specifications which caused costly delays in carrying out the contract, and that these and other delays attributable to defendant or its agents damaged plaintiff to the extent of $557,532. The merits of plaintiff's claim are not now before us.

■ Defendant, after replying to plaintiff's petition, filed a contingent counterclaim against Harco Engineering, a division of Harbor Boat Building Company (hereinafter Harbor), alleging that the deficiencies and errors in the plans and specifications used by plaintiff were due solely to the fault and/or negligence of third-party defendant Harbor, which had separately contracted with defendant to prepare plans and specifications for the vessel to be built by Christy. On that ground, defendant demands judgment against Harbor to the extent of any judgment awarded plaintiff Christy against defendant. After being summoned to appear herein, Harbor moved to dismiss the claim against it for lack of jurisdiction.

We hold that our jurisdiction does not extend to such a contingent claim against a third party and that we must dismiss the contingent counterclaim and discharge Harbor.

■ The Court of Claims derives its jurisdiction from acts of Congress and cannot take cognizance of any claim which Congress has not authorized it to decide. Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b) (1964), has conferred upon us a limited jurisdiction against third parties, but we do not think a fair reading of the statute shows that it can be stretched to cover the present situation. The basic operative language of Section 114(b) is:

> The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings * * *.

We have said that the purpose of the above-quoted part of the statute is "to permit the parties to bring in other persons who might, if not foreclosed, later show that they owned or had an interest in the claim sued on, or whose possible right might, if not foreclosed, be used as a defense by the United States to defeat the principal claimant." Richfield Oil Corp. v. United States, 151 F.Supp. 333, 335, 138 Ct.Cl. 520, 522–523 (1957).

Here, the third party specifically denied that it has any interest in Christy's claim against the Government, and there is no showing that the third party has any right in the subject matter of the principal suit that might be used by the Government to defeat Christy's recovery.

The limitation on our authority to adjudicate the Government's contingent claims against third parties is found in the following language of the statute:

> [T]he United States shall not be heard upon any counterclaims, claims

for damages or other demands whatsoever against such [third party], other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case, unless and until such [third] person shall assert therein a claim, or an interest in a claim, against the United States * * *

In a letter to the chairman of the Senate subcommittee which was considering the bills that resulted in the enactment of the Contract Settlement Act of 1944, the Attorney General in commenting on the language of subsection 14(b) of that act said in part:

The subsection in question would permit the Government to require any person having an interest in any claim asserted against the United States in the Court of Claims to elect either to become a party to the action or to abandon such interest. Also, under the subsection, any such person could be made a party to the suit for the purpose of defending any claim of the United States against him for money already paid in respect of the transaction or matter in controversy and the Court would be authorized to pass upon the respective interests of adverse claimants and to award judgments accordingly. The court would thus be enabled to make the necessary adjustments as between all parties in interest without protracted and repetitious litigation. [See Maryland Cas. Co. v. United States [141 F.Supp. 900], 135 Ct.Cl. 428, 433]

That portion of 41 U.S.C. § 114 (b) relating to the contingent claims of the Government is clearly intended to apply to a third party when the Government is sued for money which it had in its hands at one time but which it has disbursed to the third party under a mistake of law or fact. In such instances the Government's claim against the third party is contingent in the sense that if the plaintiff prevails against the Government in the main action, the Government is entitled to recover over against the third person. We have expressly so held in several cases. Maryland Cas. Co. v. United States, 141 F.Supp. 900, 135 Ct.Cl. 428 (1956); Seaboard Sur. Co. v. United States, 144 Ct.Cl. 686; cert. denied 359 U.S. 1001, 79 S.Ct. 1140, 3 L.Ed.2d 1031 (1959). Such a factual situation is not presented here. On the contrary, it is our opinion that the issue before us is controlled by our decision in Oliver-Finnie Co. v. United States, 137 F.Supp. 719, 133 Ct.Cl. 555 (1956). In that case, plaintiff sought damages for breach of a contract under which it had agreed to assemble certain food components into Army rations. The specific breach alleged was that the Government had violated an implied warranty of fitness by supplying food which was infested. Third parties were impleaded on the basis of a claim filed against them by the Government, which contended that since the third parties had supplied the materials to the Government, they were responsible for the infestation if plaintiff was not. In dismissing the Government's contingent claim against the third parties, the court said:

Here the Government is not asserting its claims against these third parties through plaintiff's contract with it nor are the third parties making any claim against the Government either in respect to plaintiff's contract in which they have no interest or under their own contracts with the Government. Accordingly, we think they are not proper parties in this case. Id. at 721, 133 Ct.Cl. at 557.

We conclude that the position occupied by Harbor in this action is indistinguishable from that of the third parties in *Oliver-Finnie*. The fact that the plans for the vessel, which were prepared by Harbor under its contract with defendant, were used by plaintiff in performing a separate contract with defendant does not give Harbor an interest in Christy's contract in the statutory sense. Harbor is not a surety, assignee, or indemnifier

with respect to the contract between Christy and the Government. As previously stated, Harbor denies that it has any interest in the contract. Furthermore, a judgment in favor of Christy will not perforce entitle the Government to recover over against Harbor. Harbor has not only denied the allegations upon which the defendant bases its contingent counterclaim but has pleaded three affirmative defenses in bar of any recovery by the Government. Defendant's right to recover against Harbor rests upon the contract between them, and the determination of Harbor's liability to the Government will require the resolution of factual and legal issues separate and distinct from those involved in Christy's suit against the defendant.

Hunter v. United States, 283 F.2d 874, 151 Ct.Cl. 587 (1960), and Bishop v. United States, 355 F.2d 617, 174 Ct.Cl. 31 (1966), relied upon by defendant, do not support its position. The third party did not challenge our jurisdiction in either case. It is not necessary to discuss the factual and legal differences which might distinguish those cases from the case at bar, for it is plain that in neither *Hunter* nor *Bishop* did we decide such a jurisdictional issue as that raised by Harbor's motion to dismiss.

The Government says that the adjudication of its contingent claim against Harbor in this court will settle all the issues between plaintiff and defendant and between the third party and defendant with resulting economy of time and expense to all the parties. We agree that it is the aim of modern practice to dispose in one litigation of all rights and obligations existing between the parties involved, but approval of this salutary principle does not permit us to assume jurisdiction where it is lacking.

For the reasons stated, Harbor's motion for judgment on the pleadings is granted and defendant's contingent counterclaim against Harbor is hereby dismissed.

COLLINS, Judge, took no part in the decision of this case.