**BOWSER, INC.**

v.

**The UNITED STATES and GENERAL STEEL TANK CO., Inc., Third-Party Defendant.**

No. 25–61.

United States Court of Claims.
Jan. 23, 1970.

---

1058

Bernard Hoban, Chicago, Ill., attorney
of record, for plaintiff. Clarence E.
Threedy, Chicago, Ill., of counsel.

Thomas J. Byrnes, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

John I. Coldren, III, Washington, D. C., for third party defendant.

W. R. Hulbert, with Charles C. Winchester, Boston, Mass., and James B. Lampert, Boston, Mass., of counsel, filed a brief for Farm Corporation and The Bendix Corporation as amici curiae.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON THIRD PARTY'S MOTION TO QUASH SUMMONS AND TO DISMISS DEFENDANT'S CONTINGENT CROSS-CLAIM

COWEN, Chief Judge.

This case again presents to the court questions as to scope of our jurisdiction over third parties impleaded under Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b) (1964).[1] The relevant facts are as follows:

Plaintiff, Bowser, Inc., brought this suit pursuant to 28 U.S.C. § 1498(a) (1964) to recover compensation for the unauthorized use of reissued U.S. Patent No. 24,136, covering a separator for removing water entrained or suspended in liquid fuels used in internal combustion engines. Plaintiff alleged that certain water-fuel separators purchased by the Government from Richmond Engineering Co., Inc., infringed its patent. On December 15, 1967, the court, after a full trial, found that plaintiff's patent was valid and had been infringed by the defendant, and returned the case to the trial commissioner. to determine the amount of compensation due. Bowser, Inc. v. United States, 388 F.2d 346, 181 Ct.Cl. 834 (1967).

Prior to entry of judgment but subsequent to the conclusion of the trial, other contractors had supplied filter separators to the Government. On motion of October 1, 1968, plaintiff was granted an extension of the accounting period to October 1, 1968. Plaintiff then obtained from the defendant schedules of contracts under which water-fuel separators were supplied to the Government after the trial of the case by third party defendant, General Steel Tank, Co., Inc., and other manufacturers. On motion of defendant, notices were issued to each of the suppliers to appear and defend their interests in the suit. When General Steel and several other suppliers failed to respond to the notice, defendant filed a contingent cross-claim against them on the ground that each had indemnified the Government for the patent infringement involved in the suit. Summons were issued against General Steel and the other suppliers to appear and answer defendant's contingent claim against them. If it is determined that plaintiff is entitled to recover compensation on account of the separators procured from General Steel, defendant contends that it is entitled to judgment on its contingent claim in the same

1. 41 U.S.C. § 114(b) reads in pertinent part:

"The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, * * *. The Court of Claims may, upon motion of the Attorney General, in any suit or proceeding where there may be any number of persons having possible interests therein, notify such persons to appear to assert and defend such interests * * * [E]xcept that the United States shall not be heard upon any counterclaims, claims for damages or other demands whatsoever against such person, other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case, unless and until such person shall assert therein a claim, or an interest in a claim, against the United States, * * *."

amount. After being served with a summons, General Steel moved to quash the summons and to dismiss the defendant's contingent claim. This motion is now before us for decision.

The principal issue to be decided is whether Section 14(b) of the Act grants the Court of Claims jurisdiction to render judgment on a contingent claim asserted by the United States against a third party who has furnished infringing apparatus to the United States under a contract in which the third party has agreed to indemnify the United States against damages for patent infringement. Although a number of our previous decisions have construed Section 14(b) to some extent, we have not yet been called upon to decide this precise issue. The resolution of this question and the consideration of other contentions made in the third party's motion require us, therefore, to reexamine the language of the statute and to reconsider some statements that have appeared in our former decisions.

## I

The third party's first contention, i. e., this court's jurisdiction over third parties is restricted by the statute to claims arising from terminated war contracts, is rejected on the same grounds for which we denied a similar contention that was made in Maryland Cas. Co. v. United States, 141 F.Supp. 900, 135 Ct.Cl. 428 (1956). As the court there pointed out, Congress could hardly have chosen more comprehensive language to express the scope of our jurisdiction than the words "in any suit or proceeding of any nature whatsoever pending in said court." *Id.* at 141 F.Supp. 901, 135 Ct.Cl. 431. The language of the statute plainly authorizes the court, on motion of the Government, to summon or notify a third party indemnitor, such as General Steel, to appear and assert its interest in the case. General Steel says that it has not asserted and does not intent to assert a claim against the United States in this action. However, we think it cannot be doubted that General Steel has, in the language of the statute, a "possible" interest in the proceeding. Indeed, it has a direct pecuniary interest in the outcome, for if the Government is required to pay plaintiff damages as a result of infringing apparatus procured from General Steel, it may be required to pay such damages under the provisions of the indemnity contract. Consequently, such a third party indemnitor, summoned or noticed, may be made a party to the suit and has a right to participate in order to protect its interests. It may assist the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest. Christy Corp. v. United States, 387 F.2d 395, 396, 181 Ct.Cl. 768, 771 (1967); Richfield Oil Corp. v. United States, 151 F.Supp. 333, 335, 138 Ct.Cl. 520, 522–523 (1957). On the other hand, if the third party indemnitor fails to appear in response to the summons or notice, it may not, in later litigation for the enforcement of the indemnity against it, assert that this court incorrectly decided that plaintiff's patent is valid and was infringed by the apparatus furnished by the third party.[2] We think there is implicit in the whole plan and purpose of Subsection 14(b) a congressional intent that the issues of fact and law decided in a suit against the United States in the Court of Claims may not be retried in another court at the instance of a third party, who had a "possible" interest in the case in this court but who failed to appear and protect his interest after timely notice or summons had been served upon him. A holding to the con-

---

2. The Fram Corporation and The Bendix Corporation agree with this holding. See brief of *amici curiae* filed November 4, 1969, pages 3 and 4.

trary would ignore the principal reasons which led Congress to enact the law. We think our conclusion in this regard is also in accord with the general principles of law applicable in such situations. These principles are summarized in Corpus Juris Secundum as follows:

> *Notice of action and opportunity to intervene.* It has even been held that if a person who has such an interest in the subject matter as would be injuriously affected by the judgment, or is in privity with, or bound to indemnify, one of the parties, has notice of the pendency of the action and refuses or neglects to appear and avail himself of his rights, he will be concluded by the judgment, although he was not named as a party to the action. A fortiori such person will be concluded if he appeared and participated in the trial or authorized a party to the action to protect his rights. 50 C.J.S. Judgments § 768 (1947).

These principles of law are also expounded in decisions of the Federal courts. See, *e. g.,* Souffront v. LaCompagnie des Sucreries, etc., 217 U.S. 475, 487, 30 S.Ct. 608, 54 L.Ed. 846 (1910) (nonparty who assists in defense is fully bound); Grummons v. Zollinger, 341 F. 2d 464, 465 (7th Cir. 1965); Miller & Co. of Birmingham v. Louisville & N.R. Co., 328 F.2d 73, 78 (5th Cir.), cert. denied, 377 U.S. 966, 84 S.Ct. 1648, 12 L.Ed.2d 737 (1964) (non-appearing indemnitor given due notice and opportunity to defend is bound).

## II

As we have previously stated, both the notice and the summons to General Steel were served after the rendition of the judgment that plaintiff's patent was valid and had been infringed. For these reasons, General Steel argues that it has been deprived of a fair hearing and we agree with its contention.

As shown by the Government's contingent cross-claim against General Steel, the contracts through which the Government procured water-fuel separators from General Steel were entered into in the period between December 31, 1964, and February 12, 1968. After the entry of the trial commissioner's order of October 18, 1968, which extended plaintiff's recovery period to October 1, 1968, the defendant sought our review of this action on the grounds that: (1) the procurement contracts were entered into after the rendition of the judgment on the issues of liability, a fact which made it impossible for the Government to have a notice served on General Steel at the time its answer was filed, and (2) that General Steel, as an indemnity-contractor, should be given an opportunity to make an appearance in the case. The Government says that its contracts with General Steel contain the following provision:

> The foregoing indemnity shall not apply unless the Contractor shall have been informed as soon as practicable by the Government of the suit or action alleging such infringement, and *shall have been given such opportunity as is afforded by applicable laws, rules, or regulations to participate in the defense thereof* * * * [Emphasis supplied].

Upon reconsideration of these circumstances, we have concluded that we were in error in extending plaintiff's recovery period to include allegedly infringing separators procured from General Steel on or after December 31, 1964. Therefore, the order extending such recovery period is hereby amended by eliminating therefrom plaintiff's right to recover for separators sold under contracts entered into with General Steel on or after December 31, 1964. Consequently, in the absence of a stipulation by the interested parties, it will be necessary for plaintiff to file a new petition if it desires to recover compensation for infringing

devices obtained by the Government from General Steel.[3]

## III

We turn now to a consideration of the third party's principal contention. It maintains that Section 14(b) of the Contract Settlement Act confers no jurisdiction on this court to render judgment against it, because: (1) the third party is not asserting any claim against the United States, and (2) the Government's contingent claim is not for the recovery of money which it has heretofore paid to the third party in respect of the subject matter of the case.

As we said in *Christy Corp., supra,* our jurisdiction to adjudicate the Government's claims against third parties is found in the following language of the Act:

> [T]he United States shall not be heard upon any counterclaims, claims for damages or other demands whatsoever against such [third party], other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case, unless and until such [third] person shall assert therein a claim, or an interest in a claim, against the United States * * *. 387 F.2d 396–397, 181 Ct.Cl. at 771.

In reviewing the legislative history of Section 14(b), this court in *Maryland Cas. Co., supra,* set forth portions of several letters that were written by the Attorney General to the Senate Subcommittee which considered the bills that resulted in the enactment of the statute. In a letter of April 19, 1944, which commented upon the provisions of Section 14(b) as finally enacted, the Attorney General wrote in part:

> The subsection in question would permit the Government to require any person having an interest in any claim

asserted against the United States in the Court of Claims to elect either to become a party to the action or to abandon such interest. Also, under the subsection, any such person could be made a party to the suit for the purpose of defending any claim of the United States against him for money already paid in respect of the transaction or matter in controversy and the Court would be authorized to pass upon the respective interests of adverse claimants and to award judgments accordingly. The court would thus be enabled to make the necessary adjustments as between all parties in interest without protracted and repetitious litigation. 141 F.Supp. 902–903, 135 Ct.Cl. at 433.

When the provisions of the statute and the letter of the Attorney General are considered together, we do not think that we are empowered to render judgment against the third party on the Government's claims except:

(1) where the Government's claim is for the recovery of money which it has already paid out to the third party in respect of the transaction or matter which constitutes the subject matter of the suit, or

(2) where the third party appears and asserts a claim or an interest in a claim against the United States.

For these reasons, we reiterate our statement in *Christy Corp. supra,* that the portion of the statute relating to contingent claims "for the recovery of money hereafter paid by the United States" is intended to apply to a third party when the Government is sued in the principal action for money which it had in its hands at one time but which it has disbursed to the third party under a mistake of fact or law. If the court decides the Government should have paid the money to plaintiff instead of to the third party, the Government is then

---

3. Since the first contract was entered on December 31, 1964, plaintiff will have ample time to file a new petition before

the statute of limitations will bar the action.

entitled to judgment on its contingent claim against the third party.

Applying this interpretation to the situation now before us, we find first that General Steel is not asserting a claim or an interest in a claim to recover from the United States compensation for the alleged infringement of a patent. It is not, for example, an assignee or part-owner of plaintiff's patent. Secondly, the Government's contingent claim is not for the recovery of money heretofore paid by the United States to General Steel in respect of the subject matter of the present suit. If that were so, plaintiff Bowser would now be making a claim on the same fund of money that had already been paid to General Steel. To the contrary, the plaintiff's claim is for reasonable compensation for the unauthorized use of a patent, whereas the money received by General Steel was for the purchase price of the water-fuel separators, paid pursuant to a contract in which plaintiff was not involved in any way.

We recognize that in *Richfield Oil Corp., supra,* this court said that the provision of the statute relating to contingent claims by the Government was intended "to permit the United States to bring in parties who were under a duty to save it harmless from judgments such as the one sought by the plaintiff, * * *." With respect to that statement in the court's opinion, we observe that it was *dictum* which was not necessary to the adjudication of the issues in that case and was addressed to a factual situation quite different from the one involved here. However, to the extent that the statement is in conflict with this opinion, it is hereby overruled.

It is also apparent in this case, as it was in *Christy Corp., supra,* that the determination of General Steel's liability to the Government will require the resolution of factual and legal issues separate and distinct from those involved in plaintiff's suit against the defendant. One of the principal points raised in General Steel's motion to quash is that its agreement to indemnify the Government for patent infringement is void, because it is in conflict with the language and purpose of 28 U.S.C. § 1498.[4] As to these separate issues of law and fact, we reiterate our position stated in Oliver-Finnie Co. v. United States, 137 F.Supp. 719, 133 Ct.Cl. 555 (1956), that if the Government wishes to take action against the third party to enforce the indemnity agreement, it has its remedy in the proper forum. 137 F.Supp. at 721, 133 Ct.Cl. at 558. See also United States v. C. M. Lane Lifeboat Co., 25 F.Supp. 410 (E.D.N.Y. 1938), aff'd. 118 F.2d 793 (2d Cir. 1941).

For the reasons stated above, General Steel's motion to quash the summons is granted and defendant's contingent cross-claim against General Steel is hereby dismissed. In view of this disposition of the motion, it is unnecessary for us to consider other contentions made by the parties.

DAVIS, Judge (concurring):

I join in the result and in the opinion except for Part III. Unlike the court I would not disavow our jurisdiction to entertain contingent claims by the United States against third party indemnitors such as General Steel Tank, but would, instead, establish a rule of discretion under which the court can decide, either case-by-case or by type of case, whether or not it will entertain the Government's claim over against the indemnitor.

---

4. Other third party defendants who entered into similar indemnity agreements with the Government have asserted defenses against the agreements. See the answers of the Fram Corporation and The Bendix Corporation, each filed January 17, 1969.

Though, as the court observes, the issue has never before been squarely posed to us, it is fair to say that the general understanding has been, for over two decades, that the Court of Claims does have jurisdiction, under Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b) (1964), of contingent claims·by the United States against indemnitors or others under a duty to save it harmless from judgments such as the one sought by plaintiff. See. the expressions in Richfield Oil Corp. v. United States, 151 F.Supp. 333, 335, 138 Ct.Cl. 520, 523 (1957); Rolls-Royce Ltd. v. United States, 364 F.2d 415, 416, 418, 176 Ct.Cl. 694, 696, 699 (1966); Christy Corp. v. United States, 387 F.2d 395, 397–398, 181 Ct.Cl. 768, 773 (1967); Schwartz and Jacoby, Litigation With the Federal Government (1969), § 14.109, pp. 158–59 (pre-publication ed.).

I do not find this hitherto-accepted reading too difficult to reconcile with the statutory language or purpose. The latter part of 41 U.S.C. § 114(b) authorizes "claims and contingent claims [by the United States] for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case * * *." Once the plaintiff prevails in an action against the Government and his judgment is paid, the suit by the Government against the indemnifier becomes one "for the recovery of money hereafter paid by the United States", i. e. paid by the defendant after the passage of the Contract Settlement Act of 1944. The literal language thus covers the case of money paid by the United States as a result of a judgment of this court. The Attorney General, it is true, spoke in his letter of "money *already* paid in respect of the transaction or matter in controversy" (emphasis added), but that statement, in my view, simply gave the chief illustration of the coverage of this part of the statute, and did not purport to be all-inclusive or to present an entirely accurate paraphrase. It does not seem likely to me that the Congress, which was interested in avoiding multiple litigation, would wish to deprive this court of jurisdiction to adjudicate a government claim against an indemnifier in a case in which there was no real controversy over the latter's liability.· Under the view the court now adopts, the Government is forced to bring a useless suit in a district court even though the indemnitor would be willing to stipulate for judgment against it in this court (once the liability of the United States to the original plaintiff is determined) or where the defenses to indemnification are wholly frivolous or unworthy of serious consideration. Section 114 (b) does not seem to me to compel such proliferation of needless litigation.

But like the court I am aware that a controversy between the Government and the indemnitor over the validity, scope, or coverage of the indemnity agreement could catapult us into a lengthy· and complicated proceeding essentially unrelated to the main suit by the plaintiff against the Government. I would resolve that problem, which the history of this case proves to be a real one, by interpreting § 114(b) as giving the court discretion to hear such contingent claims by the United States against a third-party indemnifier, but not requiring us to do so where that aspect of the litigation would be too onerous or too foreign to the main case. Section 114(b) speaks in permissive, not mandatory, terms; it says that the court "may" summon third parties and "may" notify interested persons to appear; also, it gives the court "jurisdiction to adjudicate" respective interests and "to award several judgments," but it does not say that the court must exercise that jurisdiction although it is inconvenient or troublesome in the particular case, and another forum is readily available. This means, to me, that the court can exercise its discretion in light of the circumstances and is not forced to clog

its pipelines with issues and proceedings that can as easily or better be tried and decided elsewhere.

In this litigation, it is unnecessary to determine at this time whether the Government's claim over against General Steel should be heard here as a matter of discretion since the court holds (Part II of its opinion)—and I agree—that it will be necessary for the plaintiff to file a new petition if it desires to recover for infringing devices obtained by the Government from General Steel. In any event, this is the kind of third-party matter in which I think that discretion calls for a refusal to adjudicate the Government's demand. As the court suggests, General Steel has raised non-frivolous issues as to the validity and coverage of its indemnity agreement. These questions are wholly different from those litigated in the plaintiff's patent suit against the United States, and might well require a trial of their own. There is no advantage in having those separate issues tried and determined here, and a district court is quite open to the Government. If the contingent claim remained here, on the other hand, our processes could be bogged down by this extraneous litigation which is basically independent of the patent issues involved in Bowser's action against the United States for infringement. Policies comparable to those underlying the legal rulings in Oliver-Finnie Co. v. United States, 137 F.Supp. 719, 133 Ct.Cl. 555 (1956); Richfield Oil Corp. v. United States, 151 F.Supp. 333, 138 Ct.Cl. 520, 523 (1957); Rolls-Royce Ltd. v. United States, 364 F.2d 415, 176 Ct.Cl. 694 (1966); and Christy Corp v. United States, 387 F.2d 395, 181 Ct.Cl. 768 (1967), point toward a refusal, as an exercise of discretion, to take on such an unnecessary burden.

DURFEE, J., joins in the foregoing concurring opinion.