**BOWSER, INC.**

**v.**

**The UNITED STATES, and Condec Corporation, Third Party Defendant.**

**No. 25–61.**

United States Court of Claims.

April 17, 1970.

See also, Ct.Cl., 420 F.2d 1057.

Bernard Hoban, Chicago, Ill., attorney of record, for plaintiff. Clarence E. Threedy, Chicago, Ill., of counsel.

Thomas J. Byrnes, Washington, D.C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

I. H. Wachtel, Washington, D.C., attorney of record, for third party defendant. Daniel M. Ross, of counsel.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

PER CURIAM:

We have before us a motion for summary judgment by third party, Condec Corporation, against defendant, and a motion for partial summary judgment by defendant against plaintiff.

Prior to the commencement of the instant suit by plaintiff, Bowser, Inc., against the United States, Condec had entered into three contracts with defendant for the furnishing of certain goods. All three contracts contained a "patent indemnity" clause which provided in pertinent part:

> \* \* \* [T]he contractor [Condec] shall indemnify the Government \* \* \* against liability, including costs, for infringement of any United States letters patent \* \* \* arising out of the manufacture or delivery of supplies or component parts thereof \* \* \*.

Pursuant to various written Purchase Order agreements, third party purchased from plaintiff quantities of filter separators, filter elements and double cartridge assemblies which are alleged to be covered by plaintiff's inventions involved in this action. Included in said agreements was Clause 9 which read as follows:

> 9. PATENTS. Seller [Bowser, Inc.] covenants and guarantees that

all machines, devices and material furnished hereunder (and the normal use thereof) are free of infringement of any valid patent, copyright, or trademark, and that Seller [Bowser, Inc.] will, at its own expense, defend and hold Purchaser harmless from any actions or suits alleging such infringement by *Purchaser,* its successors, assigns, *customers or any persons selling or using any product manufactured by Purchaser which may involve any such alleged infringement.* [Emphasis supplied by third party.]

Under this clause, plaintiff would be liable to third party for any successful claim made by its customer (the defendant herein) for infringement "of any valid patent."

Pursuant to order of the Trial Commissioner, and at defendant's behest, Condec was joined as a third party in the instant suit and, on May 26, 1969, Condec filed its answer herein. The gravamen of defendant's claim against third party is that to the extent that it (defendant) may become liable to plaintiff for compensation on allegedly infringed devices furnished by third party to defendant, third party is liable to defendant to the same extent under the Patent Indemnity Clause contained in the three procurement contracts between third party and defendant.

Discussions between plaintiff and third party were held and, as a result thereof, on or about July 11, 1969, plaintiff, through its attorney of record, advised defendant in writing that:

* * * Bowser, Inc., the Plaintiff in the above entitled action *will not seek compensation or infringing filter separators supplied to the government by Condec,* formerly known as Consolidated Diesel] Corporation, up to the date of this letter.

This letter shall not be construed as a waiver by Bowser of its right of compensation on infringing *filter separators supplied hereafter by Condec*

nor shall it operate in any way as a waiver of Bowser's right to compensation on infringing separators supplied by contractors other than Condec, formerly known as Consolidated Diesel Corporation. [Emphasis supplied by third party.]

On or about September 30, 1969, plaintiff, through its attorney of record, advised third party in writing that:

The Court has limited the accounting period to October 1, 1968. Therefore, a letter of July 11, 1969, stating that the *plaintiff will not seek compensation on filter separators supplied to the government by Condec* up to the date of the letter is unquestionably sufficient basis for the dismissal of Condec. [Emphasis supplied by third party.]

Based upon the foregoing commitments made by plaintiff that it would not seek compensation from defendant for filter separators supplied to defendant by third party prior to July 11, 1969, and the fact that Condec purchased the articles in question from plaintiff under contracts which provided that plaintiff would indemnify Condec and its customers from patent infringement, Condec asserts that there is no basis upon which defendant will incur any obligation to pay compensation to plaintiff on items supplied by third party to defendant. Accordingly, Condec concludes that defendant does not possess a claim or contingent claim against third party arising out of the subject matter of the instant cause of action.

Defendant has concurrently filed a contingent objection to Condec's motion, and a motion for partial summary judgment against plaintiff. The contingent objection states the position that defendant has no objection to the granting of Condec's motion for summary judgment *only* if defendant's motion for partial summary judgment against plaintiff is also granted. Defendant's motion for partial summary judgment is based upon

certain admissions by plaintiff in correspondence detailed above to the effect that plaintiff would not seek compensation on infringing filter separators supplied to the government by Condec prior to July 11, 1969.

The concurrent filings by defendant occurred prior to our recent decision in Bowser, Inc. v. United States, 420 F.2d 1057, decided January 23, 1970. In *Bowser*, this court granted General Steel Tank Company's third party motion to quash summons because, under the dual standard there set out, we determined that:

> * * * [1] General Steel [did not assert] a claim or an interest in a claim to recover from the United States compensation for the alleged infringement of a patent. * * * [2] the Government's contingent claim [was] not for the recovery of money heretofore paid by the United States to General Steel in respect of the subject matter of the present suit. * * * p. 1063.

We are of the view that the disposition of Condec's motion is controlled by our decision in *Bowser*. Accordingly, Condec's motion for summary judgment is granted without oral argument, and defendant's contingent claim against Condec is denied. We note that, even absent our *Bowser* decision, the ground relied upon by Condec in its motion filed prior to *Bowser*, regarding plaintiff's admission that it would not seek compensation from defendant on account of the filter separators purchased by defendant from Condec prior to July 11, 1969, would also warrant the instant result. It is upon the basis of this ground, moreover, that we grant without oral argument defendant's motion for partial summary judgment against plaintiff with respect to procurement by defendant from Condec prior to July 11, 1969, under the three earlier-discussed contracts, and to that extent plaintiff's petition is dismissed.