MIDWEST INDUSTRIAL PAINTING OF FLORIDA, Plaintiff,

v.

The UNITED STATES, Defendant,

Capital Maintenance, Inc., Aetna Insurance Company, Third-Party Defendants.

No. 456–81C.

United States Claims Court.

Jan. 10, 1983.

Michael A. Smith, Tampa, Fla., for plaintiff.

Michael D. Morin, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

Paul R. Pizzo, Tampa, Fla., for third-party defendant Aetna Ins. Co.

T. Gregory Slother, Tampa, Fla., for third-party defendant Capital Maintenance, Inc.

## OPINION

LYDON, Judge.

This case comes before the court on a motion for summary judgment filed by Third Party Defendant Aetna Insurance Company (Aetna) seeking a judgment against plaintiff that it is not liable to plaintiff on a claim that plaintiff has asserted against the United States, and defendant's motion to dismiss from this case Third Party Defendant Capital Maintenance, Inc. (Capital) and Aetna on the ground the court has no jurisdiction over either of these parties.

Plaintiff contracted with the Department of Air Force (Air Force) in September 1980 to perform certain work at MacDill Air Force Base in Tampa, Florida. Under this contract plaintiff was to paint the exterior of miscellaneous buildings at the MacDill Air Force Base. Plaintiff completed work on the contract but the Air Force withheld some $89,000 from the contract proceeds otherwise due plaintiff because of defective work performed by one of plaintiff's subcontractors—Capital. Capital had contracted with plaintiff to sandblast four high-speed aviation fuel pumping stations located on MacDill Air Force Base, which work was required by the contract plaintiff had with the Air Force. The Air Force withheld some $89,000 from contract proceeds otherwise due plaintiff because of the damage caused by Capital's alleged improper and defective sandblasting work. Plaintiff, on July 23, 1981, filed suit in the United States Court of Claims, seeking to recover the $89,000 wrongfully, it alleges, withheld from it by the Air Force, plus interest, costs and such other relief as may be proper.[1]

On July 23, 1981, plaintiff moved for leave to join Capital, Aetna and North East Insurance Company (North East) as Third Party Defendants. By order dated July 30, 1981, this motion was "Allowed under Rule 41(a)(1) with Notices to be issued * * *."[2] Present Rule 14 of the Claims Court is similar in all material respects to old Rule 41 of the Court of Claims. Thereafter, Capital and Aetna filed answers to plaintiff's petition (now denoted "complaint").

■ Aetna's motion for summary judgment must be denied. The issue presented by Aetna's motion involves a dispute be-

---

[1]. There is no allegation in the petition as to whether the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq., is applicable, nor is there any indication in the petition whether the plaintiff submitted the claim in question to the contracting officer for a decision. It is the court's understanding, however, that the contracting officer did render a decision on April 7, 1981, and further, that there is no jurisdictional impediment to plaintiff's suit in this court.

[2]. On November 9, 1981, North East Insurance Company (North East) moved to quash the notice and dismiss it from this action on the ground that since North East had no claim against the United States and the United States had no claim against North East the court lacked jurisdiction over North East, citing, *Christy Corp. v. United States,* 181 Ct.Cl. 768, 387 F.2d 395 (1967) and *Bowser, Inc. v. United States,* 190 Ct.Cl. 441, 420 F.2d 1057 (1970). By order dated December 14, 1981, North East's motion to quash was allowed and it was dismissed as a party defendant.

tween Aetna and plaintiff. The United States is not involved. Under established case law, the court has no jurisdiction in such a situation. *See Rolls-Royce Ltd. v. United States,* 176 Cl.Cl. 694, 364 F.2d 415, 418 (1966). Even assuming jurisdiction, it is apparent that there are material issues of fact in dispute which would preclude, in any event, the granting of the Aetna's motion. *See South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281 at 289 (Cl.Ct. 1982) (LYDON, J.) and cases cited therein.

■ Defendant's motion to dismiss Capital and Aetna as Third Parties is grounded on the established proposition that this court, like its predecessor the United States Court of Claims, has no jurisdiction over third party claims unless they embrace a claim by the United States against a third party for recovery of money or the third party has asserted a claim for money against the United States. *Uram v. United States,* 216 Ct.Cl. 378 (1978); *Bowser, Inc. v. United States,* 190 Ct.Cl. 441, 420 F.2d 1057 (1970); *Rolls Royce Ltd. v. United States, supra.* Indeed, it has been held that this court, like its predecessor court, generally has no jurisdiction to enter judgments against defendants other than the United States. *National Cored Forgings Co. v. United States,* 126 Ct.Cl. 250, 256, 115 F.Supp. 469, 473 (1953). One cannot quarrel with these established propositions.

■ It is clear that neither Capital nor Aetna assert any claim to the money withheld from plaintiff by the Air Force. Further, it is clear the United States makes no claim against either Capital or Aetna in this case. Under these circumstances, the court lacks jurisdiction over these parties. The question now is whether Capital and Aetna should be dismissed as Third Party Defendants. Under the circumstances, it is concluded that they should not be dismissed as Third Party Defendants even though the court lacks jurisdiction over them as parties.

It is to be emphasized that both Capital and Aetna were "noticed" in as parties, they were not "summoned" in as parties. *See Duden v. United States,* 199 Ct.Cl. 688, 670–71, 467 F.2d 924, 926 (1972). While the court does not have jurisdiction to grant relief to either Capital or Aetna, both Capital and Aetna have a right to participate in order to protect their interests in the matter being litigated.[3] *Bowser, Inc. v. United States, supra,* 190 Ct.Cl. at 445–46, 420 F.2d at 1060. It was made clear in *Uram v. United States, supra,* 216 Ct.Cl. at 420, that a noticed party can decline to appear (*see* note 2, *supra*); that such a party cannot be forced to appear and participate; and that such a party may nevertheless be bound in a later suit in another court by certain determinations made in this case by this court. *See Bowser, Inc. v. United States, supra,* 190 Ct.Cl. at 445–46, 420 F.2d at 1060. Accordingly, it would be improper to deprive Capital and Aetna of their right to appear in this litigation and to protect their interests in the matters in litigation by dismissing them as party defendants against their wishes.[4] It is to be stressed

---

3. Capital was plaintiff's subcontractor whose work, sandblasting the buildings to be painted, allegedly caused the damages which underscored the Air Force withholding some $89,000, otherwise due plaintiff, to compensate for said damages. A potential suit in another court between plaintiff and Capital relative to these damages is a possibility. Capital, as a noticed party, therefore has an interest it has a right to protect in this case. Aetna issued policies of liability insurance to plaintiff and to Capital covering plaintiff's contract with the Air Force. There is a dispute between Aetna and plaintiff and Capital Maintenance as to whether the policies cover the damages which form the basis for the instant suit. It is possible that factual determinations reached in this case in adjudicating the claim advanced by plaintiff may well be germane to resolution of the policy liability dispute between Aetna and plaintiff and/or Capital. Aetna, as a noticed party, therefore has an interest it has a right to protect in this case. *See Bowser, Inc. v. United States, supra,* 190 Ct.Cl. at 445–46, 420 F.2d at 1060.

4. Aetna, in its response to defendant's motion to dismiss, advises it has no objection to said motion "provided that no findings as to the issue of Aetna's coverage of Capital against the claims presented herein [in the present litigation] are made in Aetna's absence from the case." It would be impossible, given the vagaries of litigation and trial surprises, to give any

that the court has no jurisdiction to grant any relief to either Aetna or Capital. *Rolls-Royce Ltd. v. United States, supra,* 176 Ct.Cl. at 698–99, 364 F.2d at 417–18. Aetna and Capital are merely given the opportunity, without compulsion, to appear in this litigation and protect their interests. *Uram v. United States, supra,* 216 Ct.Cl. at 420.

In view of the above discussion, IT IS CONCLUDED AND ORDERED that Aetna's motion for summary judgment is denied and defendant's motion to dismiss Aetna and Capital as third party defendants is denied.

such assurances. Thus, Aetna's response is treated as an opposition to defendant's motion to dismiss. Aetna will have the opportunity to appear at trial and protect its interests relative

to the policies it issued to plaintiff and Capital, vis-a-vis the damages which brought about this litigation and which trigger the question of policy coverage therefor.