See also, D.C., 621 F.Supp. 1122.

Jerome H. LEMELSON

v.

The UNITED STATES

and

The Bendix Corporation

and

Brown & Sharpe Mfg. Co.

Nos. 414–79C, 415–79C.

United States Claims Court.

Oct. 4, 1985.

**790**

William E. Jackson, Arlington, Va., for plaintiff.

A. David Spevack, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

John E. Kidd, New York City, for third-party defendants.

## MEMORANDUM ORDER

SETO, Judge.

In this patent infringement action under 28 U.S.C. § 1498, plaintiff has moved for voluntary dismissal of the complaint with prejudice and without award of costs and attorney's fees pursuant to a settlement agreement entered into by plaintiff and the government. Third-party defendants, Bendix Corp. and Brown & Sharpe Manufacturing Co., oppose plaintiff's motion on the grounds that any such dismissal should be conditioned on plaintiff's payment of their costs, expenses and attorney's fees. For the reasons stated below, plaintiff's motion for voluntary dismissal is granted. The complaint is to be dismissed with prejudice and without the payment of costs or attorney's fees by any party.

Third-party defendants, Bendix Corp. and Brown & Sharpe Manufacturing Co., suppliers of certain of the accused devices to the government, voluntarily entered this action as intervenors upon being noticed pursuant to their indemnification agreements with the United States. *See* Rules of the United States Claims Court ("RUSCC") 14. The third parties provided defendant substantial assistance in the preparation and presentation of its defense, especially regarding those accused devices alleged to have been supplied by them. After proceeding to trial, and at the close of plaintiff's case-in-chief, the defense

moved to dismiss plaintiff's complaint pursuant to RUSCC 41(b). On July 26, 1983, 3 Cl.Ct. 161, this court issued its opinion on defendant's motion and dismissed plaintiff's complaint. In its opinion of January 4, 1985, 752 F.2d 1538, the Court of Appeals for the Federal Circuit affirmed the majority of this court's opinion, while remanding the issue of infringement of claim 15 of the '833 patent for further proceedings. On June 3, 1985, plaintiff filed a motion for voluntary dismissal pursuant to a settlement agreement between plaintiff and the government.

Third-party defendants argue that, on the basis of RUSCC 41(a)(2), RUSCC 54(d) and 28 U.S.C. § 2412(a), (b), dismissal should be conditioned on the payment by plaintiff of their costs, expenses and attorney's fees. Third-party defendants contend that theirs is a unique case in that they "stand in the shoes" of the government for the purpose of their claims against plaintiff. Third-party defendants claim that they should be permitted to seek an award of costs, expenses and attorney's fees by virtue of having performed a substantial amount of the work which the government otherwise would have had to perform. The third-party defendants further contend that the court retains jurisdiction over what is essentially an application for costs and expenses, *see Knogo Corp. v. United States*, 228 Ct.Cl. 372, 375, 656 F.2d 655, 657, *cert. denied, Checkpoint Systems, Inc. v. Knogo Corp.*, 454 U.S. 1124, 102 S.Ct. 973, 71 L.Ed.2d 111 (1981), by virtue of its jurisdiction over the underlying action. Third-party defendants' arguments, however, are unavailing.

■ It is a settled proposition that the Claims Court's jurisdiction to grant relief "depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and that such a waiver cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1968). Thus, a grant of jurisdiction to this court must be narrowly interpreted and cannot be used to expand the court's pow-

ers. Third-party defendants have presented no basis for an award by this court of costs or attorney's fees as between a plaintiff and third-party defendant.

Section 14(b) of the Contract Settlement Act of 1944, 41 U.S.C. § 114(b), confers on this court limited jurisdiction over third parties. Because this jurisdictional grant is necessarily limited to its terms, however, it cannot be read to authorize the payment of costs and attorney's fees as requested in the instant action. In examining the scope of the jurisdictional grant under 41 U.S.C. § 114, the Court of Claims has noted that a third-party indemnitor has a limited right to participate in a suit to protect its interests. *Bowser, Inc. v. United States,* 190 Ct.Cl. 441, 420 F.2d 1057 (1970). Accordingly, the third party "may assist the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest. *Christy Corp. v. United States,* 181 Ct.Cl. 768, 771, 387 F.2d 395, 396 (1967); *Richfield Oil Corp. v. United States,* 138 Ct.Cl. 520, 522–23, 151 F.Supp. 333, 335 (1957)." *Id.* at 445–46, 420 F.2d at 1060. Although a noticed third party may present any *defense* to plaintiff's claims it wishes, it "is not entitled to seek any affirmative judgment, either monetary or declaratory, against the plaintiff. *Rolls-Royce, Ltd. v. United States,* 176 Ct.Cl. 694, 364 F.2d 415 (1966)." *Sun Shipbuilding & Dry Dock Co. v. United States,* 204 Ct.Cl. 915, 916 (1974). The prohibited monetary judgment which the court speaks of in *Sun Shipbuilding* includes, in our judgment, an award of costs, expenses and attorney's fees. Thus, we are without jurisdiction to order a plaintiff to pay the costs, expenses and attorney's fees of a third-party defendant noticed under an indemnification agreement with the government. *See Rolls-Royce, Ltd.,* 176 Ct.Cl. 694, 364 F.2d 415. To hold otherwise would impermissibly expand the jurisdictional powers conferred by the statute. *See United States v. King,* 395 U.S. at 4, 89 S.Ct. at 1502. As the Court of Claims has noted, this court "de-

rives its jurisdiction from acts of Congress and cannot take cognizance of any claim which Congress has not authorized it to decide." *Christy Corp.,* 181 Ct.Cl. at 770, 387 F.2d at 396. Therefore, without explicit Congressional authorization, we cannot assume jurisdiction over such a claim.

Moreover, Section 14(c) of the Act further supports the court's holding:

The jurisdiction of the United States Claims Court shall not be affected by this chapter except to the extent necessary to give effect to this chapter, and no person shall recover judgment on any claim, or on any interest in any claim, in said court which such person would not have had a right to assert in said court if this section had not been enacted. [41 U.S.C. § 114(c) ].

It is clear that this court has never had jurisdiction to decide a controversy between private parties. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). A claim by a third-party defendant against a plaintiff for costs, expenses and attorney's fees is, in our view, a controversy between private parties, even though the third-party defendant is an indemnifier of the government. As such, this court has no power to decide the controversy. Because the Contract Settlement Act of 1944 does not specifically confer on this court jurisdiction to entertain a claim by a third party for a monetary judgment against a plaintiff, we shall not assume it. *See Sun Shipbuilding,* 204 Ct.Cl. at 916; *Christy Corp.,* 181 Ct.Cl. at 770, 387 F.2d at 396.

Third-party defendants argue that in seeking costs and attorney's fees they "stand in the shoes" of the government. This argument is unpersuasive. The third-party defendants voluntarily entered this action upon being noticed. They were under no obligation to participate at all, let alone to the extent they did. The government was not a nominal defendant in this action; rather, it is the only party against whom plaintiff could have been awarded a judgment. Indeed, had third-party defend-

ants not appeared, the government would have performed all the work necessary to defend against this action, and incurred the attendant expenses. The fact that third-party defendants "carried the burden" with respect to several issues in the lawsuit does not affect their standing to seek a monetary award against plaintiff.[1]

The government has decided to settle the case at this stage of the proceedings rather than continue with an adjudication of the issue remanded by the Federal Circuit. It is their prerogative to do so, even if the government waives its right to attorney's fees and costs as a condition. If the third-party defendants are to be said to "stand in the shoes" of the government at all, it is with regard to the government's settlement agreement with plaintiff: third-party defendants cannot don the cloak of the sovereign for one purpose and discard it for another. This court will not allow our limited third party practice to become a device for circumventing our lack of jurisdiction over claims between private parties. Accordingly, we find that third-party defendants' claims for costs, expenses and attorney's fees against plaintiff constitute claims between private parties which lie outside our jurisdiction.

■ Furthermore, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is of no avail to third-party defendants. The EAJA was meant to effect a limited waiver of sovereign immunity only as between the government and a private litigant. The purpose of the bill is to reduce the deterrent effect of the expense involved in seeking review of, or defending against, unreasonable government action. Additionally, the legislative history indicates that "the bill ensures that the United States will be subject to the common law and statutory exceptions to the American rule regarding attorney fees. This change will allow a court in its discretion to award fees against the United States *to the same extent it may presently award such fees against other parties.*" H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5–6, *reprinted in* 1980 U.S. Code Cong. & Ad.News 4953, 4984 (emphasis supplied). Accordingly, § 2412(a), (b) do not support an award of costs or attorney's fees as between a plaintiff and third party. Section 2412(b) is merely a codification of the "bad faith" exception to the American Rule regarding award of attorney's fees, *see St. Paul Fire & Marine Insurance Co. v. U.S.*, 4 Cl.Ct. 762, 765–66 (1984), and is designed to cover awards of such fees as between the government and private litigants. The EAJA does not extend this court's power to include an award of fees as between private parties, especially since this court had no such power prior to the enactment of the EAJA. As such, the EAJA cannot form the basis for an award of fees as between plaintiff and third-party defendants.[2]

Furthermore, even if third-party defendants could take advantage of the EAJA, it is questionable whether they could qualify as "prevailing parties" within the meaning of the statute. Because plaintiff asserts no claim against third-party defendants, there is no controversy between plaintiff and third-party defendants in which third-party defendants could prevail. *See Knogo Corp.*, 228 Ct.Cl. at 376, 656 F.2d at 658.

Accordingly, this court finds that we have no jurisdiction to consider third-party defendants' claims against plaintiff for costs, expenses and attorney's fees. Alternately, we find that third-party defendants do not fall within the ambit of 28 U.S.C. § 2412(a), (b). Thus, plaintiff's motion for voluntary dismissal is GRANTED on the terms and conditions stated therein.

IT IS SO ORDERED.

---

1. Although we empathize with the plight of third-party defendants, we are constrained by statute and precedent from assuming jurisdiction over their claim. Had the third-party defendants wished to be reimbursed for their expenses in undertaking to assist the government, they presumably could have entered into an agreement with the government to that effect. The government then could have pursued an award of such expenses against plaintiff.

2. Section 2412(a) is similarly unavailing as its underlying purposes are identical to those of § 2412(b).