## 441 4TH STREET LIMITED PARTNERSHIP, etc., Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 91–1692 C.

United States Claims Court.

Sept. 22, 1992.

Neil I. Levy, Melrod, Redman & Gartlan, P.C., Washington, D.C., attorney of record for plaintiff.

Kathryn A. Bleecker, Elizabeth A. Cavendish, with whom were Director David M. Cohen, Asst. Atty. Gen., Stuart M. Gerson, Dept. of Justice, and Sharon Roach, General Service Admin., Washington, D.C., for defendant.

Joan M. Hollenbach, U.S. General Accounting Office, Washington, D.C., and Michael A. Nemeroff, Sidley & Austin, Washington, D.C., for movant.

## ORDER

WIESE, Judge.

(i) DENYING MOTION OF COMPTROLLER GENERAL TO INTERVENE

&

(ii) GRANTING COMPTROLLER GENERAL LEAVE TO FILE *AMICUS* BRIEF

I

Plaintiff is a disappointed bidder whose suit here seeks to enforce a determination in its favor by the Comptroller General of the United States awarding bid preparation and protest costs. The General Services Administration, the contracting agency against whom the award is directed, has taken no action to pay the amount claimed by plaintiff.

The agency's refusal to pay is supported by the Department of Justice. The Department takes the position that the Comptroller General's statutory authority to enter a bid protest determination binding an Executive Branch agency to an expenditure of appropriated funds is a violation of the separation of powers doctrine.

Because of this intra-governmental challenge to the constitutionality of his powers under the Competition in Contracting Act, 31 U.S.C. §§ 3551–3556 (1988), the Comptroller General has moved for leave to intervene in these proceedings in order to present arguments in favor of his bid protest authority. After full consideration, it is the court's conclusion that the Comptroller General's motion may not be granted. Our reasons follow.

## II

Under Rule 24 of the Claims Court, a party seeking to intervene in a lawsuit must base that request upon either (1) a statutory right to join, or (2) an interest in the transaction in suit that would be vindicable in its own right under the court's existing jurisdiction. Any larger view of the court's power to allow intervention would run counter to the settled doctrine that waivers of immunity are to be narrowly construed.[1] *See generally Rolls–Royce Ltd. v. United States*, 176 Ct.Cl. 694; 364 F.2d 415 (1966) (narrowly defining the scope of the interests resolvable under the court's third-party practice statute—the Contract Settlement Act of 1944, 41 U.S.C. § 114(b), (c) (1988)).

The Comptroller General can satisfy neither of these bases for intervention. No statute grants his office the right to intervene; similarly, he can claim no protectable economic interest in the subject matter of plaintiff's suit. There is, therefore, no ground upon which to permit the Comptroller General to join in this lawsuit as a party.

The Comptroller General does, of course, have an interest along with the public at large in the proper interpretation of the laws that his office is charged with administering. To that extent then, the views of the Comptroller General on the matter in dispute are important to the court and should be heard. Hence, the Comptroller General's appearance here as an *amicus* is welcomed. Thirty days from the date of this order will be allowed for the filing of an *amicus* brief by the Comptroller General.

## III

The motion of the Comptroller General of the United States For Leave To Intervene, filed July 27, 1992, is denied.

The Comptroller General is granted leave to file an *amicus* brief (within 30 days of this Order) in opposition to defendant's motion to dismiss and cross-motion for partial summary judgment.

---

1. The argument offered in behalf of the Comptroller General's motion to intervene is drawn largely from decisions on controversies brought in the district courts. Though such cases are instructive here in identifying when intervention is proper as a matter of procedure, it is important to keep in mind that a court's power to permit intervention is ultimately a function of its jurisdiction. 3B Moore, *Moore's Federal Practice*, ¶ 24.18 (2d ed. 1992); 28 U.S.C. § 1367 (Supp. II 1990). The jurisdiction granted this court in the Tucker Act, 28 U.S.C. § 1491 (1988), hedged as it is by the doctrine of sovereign immunity, cannot accommodate the same breadth of third-party interests that a district would be entitled to consider under the concept of ancillary jurisdiction.