

Charles R. Billings, Dallas, TX, for movant.

Sidney B. Chesnin, Houston, TX, for plaintiff.

Jay G. Philpott, Jr. with whom was Acting Asst. Atty. Gen. James A. Bruton, Washington, DC, for defendant.

## ORDER

BRUGGINK, Judge.

Pending is the Motion to Intervene of James S. Pate. The motion is opposed by both parties. For the following reasons, the motion is denied.

The complaint alleges that Mark Brookner is entitled to a refund of taxes overpaid in the amount of $57,294.00. This is the amount withheld by the Internal Revenue Service ("IRS") from Brookner's personal income tax refund and applied to the unpaid trust fund portion of employment taxes assessed against Sunline, Ltd. Pursuant to 26 U.S.C. § 6672, Brookner had been the subject of a 100% penalty assessment in the amount of $86,088.06 because of the IRS' view that he was a responsible person or limited partner in Sunline.

**Mark E. BROOKNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

·No. 651–88T.

United States Court of Federal Claims.

Dec. 28, 1992.

The complaint was filed on November 14, 1988. The action has been suspended during virtually the entire intervening period on the representation that the parties were concluding a settlement. The parties' efforts to settle this action have thus been a matter of public record since 1989. The most recent status reports indicate that settlement is imminent. The status reports as well as other filings reflect that the counsel in this action were working in coordination with counsel for James Pate, general partner in Sunline, as well as with counsel for the government in its capacity

as claimant in the pending personal bankruptcy proceeding of James Pate. That proceeding was underway well before this action commenced.

James Pate now proposes to intervene in the present proceeding. While he concedes he has no statutory right to intervene, he contends that he has a significant interest in this action and should be permitted to intervene under either Rule 24(a) (by right), or under Rule 24(b) (permissively). Permissive intervention can be eliminated. The motion to intervene is so late, and so prejudicial to the present parties' interests, that the court would not permit it. The only real issue is whether the court is obligated to allow intervention under Rule 24(a) because Pate is so situated that disposition of the action may impair his ability to protect his interests.

Pate argues that any reduction in the amount held by the IRS credited to Brookner will, as a practical matter, increase his exposure. This is so because the IRS makes a practice of only collecting 100% of the assessment, despite the fact that all responsible parties are jointly and severally liable.

To this the defendant responds that there is no legal right of contribution in these circumstances. The government could seek to recover the entire amount of unpaid taxes from Pate, even if it had a judgment against Brookner or had in fact collected from him. It further points out that both the extent and basis of liability of Brookner and Pate are different. Pate is at jeopardy for all unpaid employment taxes, not just the trust fund portion, and Brookner has certain defenses available to him as a putative responsible person that are not available to Pate. The plaintiff's opposition focuses on the tardiness of the motion to intervene.

These arguments do not entirely meet the thrust of the motion to intervene, since, as Pate points out, *as a practical matter*, he does have an interest in steering the IRS to collect from plaintiff. The more telling difficulty, however, is alluded to in a footnote in the government's brief. As it points out, Rule 24(b) cannot be construed to extend the jurisdiction of the Court of Federal Claims. From the court's perspective, the same point can be made about Rule 24(a)(2), the only potential source for intervention here.

This court has recently held that, in the absence of a statutory right, a person seeking to intervene must have an interest in the transaction in suit that would be vindicable in its own right under the court's existing jurisdiction. *441 4th Street Limited Partnership v. United States*, 26 Cl.Ct. 1233, 1234 (1992). There Judge Wiese denied a motion by the Comptroller General to intervene in a bid protest. He pointed out that "a court's power to permit intervention is ultimately a function of its jurisdiction." *Id.* at 1234 n. 1.

The simple test of the logic of this principle can be performed in the present case. If Pate were permitted to intervene, his admitted sole interest would be in opposing the settlement. He has not paid the disputed taxes and thus cannot himself invoke the jurisdiction of this court. This raises the question: Should an intervenor, with no independent ground for recovery, be able to block a settlement? The question answers itself. Pate should not be allowed to intervene, because even if he were permitted to do so, he has no standing to oppose settlement. He could not force the parties to litigate their own interests, and he has no legally enforceable rights of his own to present.

Whatever limited role there is for Rule 24 in the jurisprudence of suits against the government in this court, it is not appropriately invoked in these circumstances.