**ORION SCIENTIFIC SYSTEMS,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–350C.**

United States Court of Federal Claims.

July 8, 1993.

WEINSTEIN, Judge.

### *Opinion*

■ The court has denied the motion to intervene as a defendant, as of right or, in the alternative, permissively, by Eagle Research Group, Inc. (Eagle). See order of June 25, 1993. This opinion explains the reasons for the denial of that motion.

■ Basically, Eagle's motion to intervene as a defendant as a matter of right pursuant to rule 24 of the Rules of the United States Court of Federal Claims (RCFC) has been denied because this court possesses no jurisdiction to hear or decide claims between private parties, *e.g.*, between plaintiff and Eagle, and Eagle has no claim against the government.

■ While 28 U.S.C. § 1491(a)(3) (1988) gives this court power to award injunctive relief on a government contractor's claim against the government brought before the contract is awarded, this grant of authority does not by its terms, or even by implication, confer jurisdiction to the court over claims between private contractors.[1] Nor does 28 U.S.C. § 1491(a)(1), the Tucker Act. Moreover, Eagle itself does not appear at this time to have any claim against the government cognizable under § 1491(a)(3) because its own bid protest claim, which was brought before the Gen-

---

1. It bears noting that the constitutionality of this court, an Article I or legislative court, is predicated, in significant part, on its limitation to adjudicating "public rights." *See Northern*

*Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

eral Accounting Office's Board of Contract Appeals, has been settled, by agreement. For the same reason, the government has no present claim against Eagle.[2] Nor is the court aware of any other statutory basis for third party intervention in this court in preaward contract disputes under 28 U.S.C. § 1491(a)(3), or on any other claim.[3]

■ The existence of a rule of this court authorizing third party intervention is not conclusive on this issue, because it is axiomatic that this court—like other federal courts, see Fed.R.Civ.P. 82 (providing that federal rules must not be construed to extend or limit jurisdiction)—may not extend its jurisdiction by court rule. *E.g., Widdoss v. Secretary of HHS*, 989 F.2d 1170, 1177–78 (Fed.Cir.1993) (invalidating Claims Court rule promulgated under 28 U.S.C. § 2503(b), because "it is well settled that 'an authority conferred upon a court to make rules of procedure ... is not an authority to enlarge its jurisdiction'") (*citing, inter alia, United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941), *petition for cert. filed*, 62 U.S.L.W. 3001 (U.S. June 22, 1993) (No. ___); *Rolls–Royce Ltd. v. United States*, 364 F.2d 415, 419, 176 Ct.Cl. 694 (1966)).

Federal rules purporting to extend jurisdiction also have been found invalid. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978); *Snyder v. Harris*, 394 U.S. 332, 341–42, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969).

■ Fed.R.Civ.P. 24, which authorizes intervention in the federal district courts, does not apply in this court of its own force. Also, this court is not statutorily required to adopt the federal rules of civil procedure, as distinguished from the federal rules of evidence. *Cf.* 28 U.S.C. § 2503(b) (1988). Adoption is inappropriate when the rule would extend the authority and jurisdiction of which, unlike the federal district courts, is strictly limited to the extent of the government's statutory waiver of sovereign immunity.

2. Eagle does not appear to have an interest in Orion's claim that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *American Maritime Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed.Cir.1989) (citations omitted). That is because this court has no authority to order the Department of Energy to award the contract to Orion, *CACI, Inc. Fed. v. United States*, 719 F.2d 1567, 1575 (Fed.Cir.1983) (*citing Scanwell Lab., Inc. v. Shaffer*, 424 F.2d 859, 864 (D.C.Cir. 1970)), but only to conduct a competition, that complies with applicable legal requirements. *CACI, Inc.*, 719 F.2d at 1574–75.

3. Third party participation (not intervention) is available under 41 U.S.C. § 114 (1988), the current codification of § 14(b) of the Contract Settlement Act of 1944, Pub.L. No. 395, 58 Stat. 663, which authorizes the court to adjudicate termination of war contracts, and bring in third parties upon motion by a party. Section 114 was extended to certain other contract claims. *See Maryland Casualty Co. v. United States*, 141 F.Supp. 900, 905, 135 Ct.Cl. 428 (1956).

However, *Maryland Casualty* and the cases following it have applied § 114(b) only to third parties brought in by the government, *i.e.,* intervenors brought in as plaintiffs to defend against a contingent claim of the government. *E.g., United States v. Rush*, 804 F.2d 645, 646 (Fed. Cir.1986) ("Under § 114(b), the Claims Court has jurisdiction to adjudicate government's claims against third parties: (1) where the government's claim is for the recovery of money ... already paid out ..., or (2) where the third party appears and asserts a claim or an interest in a claim against the United States"); *Bowser, Inc. v. United States*, 420 F.2d 1057, 1062, 190 Ct.Cl. 441 (1970); *Great Am. Ins. Co. v. United States*, 397 F.2d 289, 292–93, 184 Ct.Cl. 520 (1968) (applying § 114(b) when government is stakeholder of a contract fund claimed by plaintiff and a third party, but explaining that jurisdiction over a third party asserting a claim against the plaintiff would be denied if that claim was not cognizable by the court or was based on a cause of action not before the court).

41 U.S.C. § 114(b) (1988) is inapplicable to this case because Eagle has asserted no claim against the government over which this court has jurisdiction and there is no claim here by the government against Eagle. *Cf.* RCFC 14(a)(2). In any event, neither of the present parties has invoked it. RCFC 14(a)(2) also would be inapplicable to bring in Eagle because the government asserts no claim of money paid out to Eagle. RCFC 14(a)(1) might be invoked by a party; however, this rule merely provides for notification to nonparties and does not create jurisdiction over a third party (or bind a third party who receives notice and does not appear). *See generally Oak Forest, Inc. v. United States*, 26 Cl.Ct. 1397 (1992).

RCFC 24(a)(1) is inapplicable because there is no statute providing an "unconditional right" to Eagle's *intervention*. Basing jurisdiction solely on the intervention standard of RCFC 24(a)(2), *i.e.*, "when the applicant claims an interest relating to the property or transaction which is the subject of the action and ... disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," does not satisfy the well-established requirement that waivers of sovereign immunity must be by statute and unequivocal, and not enlarged beyond what the language of the statute requires. *E.g.*, *United States Dep't of Energy v. Ohio*, — U.S. ——, ——, 112 S.Ct. 1627, 1633, 118 L.Ed.2d 255 (1992) (citations omitted).

Serious adverse practical and legal consequences also may arise from permitting a third party to intervene. For example, an intervenor accorded full party status may have the power to interfere with, burden, or prolong the adjudication of the pending suit by: expanding the scope of discovery beyond that required by the original dispute; filing a counterclaim, *cf. Bowser, Inc. v. United States*, 420 F.2d 1057, 1064–65, 190 Ct.Cl. 441 (1970) (Davis, J., concurring) (stating that "our processes could be bogged down by this extraneous litigation which is basically independent of the ... issues involved in [the primary case]."); filing motions on issues extraneous to the claim properly before the court; and, indeed, opposing and preventing a settlement agreed to by the original parties, *cf. Knogo Corp. v. United States*, 656 F.2d 655, 228 Ct.Cl. 372 (denying intervenor's motion for an order precluding entry of dismissal based on stipulation; intervenor's motion was occasioned by plaintiff's refusal to pay intervenor's litigation expenses and attorney fees), *cert. denied*, 454 U.S. 1124, 102 S.Ct. 973, 71 L.Ed.2d 111 (1981); *Brookner v. United States*, 27 Fed.Cl. 423, 424 (1992) (denying motion to intervene when court lacked jurisdiction and sole motive of inter-

venor was to oppose settlement between present parties).

Accordingly, Eagle's motion to intervene as of right is denied. Pursuant to the court's authority under RCFC 1(a)(3), limited participation by Eagle (including the filing of briefs and discovery) is allowed,[4] but only insofar as this may be and is in fact approved in advance by both parties, and may be revoked by this court at any time if it appears that such intervention may delay or prejudice the adjudication of this suit.[5]

---

**4.** The standards of RCFC 24(b) for permissive intervention are not met because Eagle currently has no "claim" against the government.

**5.** Eagle's briefs, if any, on the issues discussed at the status conference held on July 8, 1993, shall be due at the same time as the government's.