ANDERSON COLUMBIA ENVIRONMENTAL, INC., Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 98–759C.

United States Court of Federal Claims.

Feb. 19, 1999.

Jeffrey A. Lovitky, Washington, D.C., for plaintiff.

Deborah Y. Ho, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director James M. Kinsella, for defendant. Rex Crosswhite, United States Army Corps of Engineers, of counsel.

### Opinion and Order

WEINSTEIN, Judge.

On October 16, 1998, Tanner Heavy Equipment Company, Inc. (Tanner) filed a motion to intervene in this proceeding. On November 5, 1998, the court directed Tanner to file a supplement to that motion addressing the issues discussed in *SmithKline Beecham Pharmaceuticals v. United States,* No. 97–633C (Fed.Cl. Oct. 1, 1997) (denying motion to intervene and allowing participation as *amicus curie*) or to withdraw the motion to intervene and request participation as *amicus curiae.* On November 17, 1998, Tanner supplemented its motion to intervene. Defendant has stated that the government never takes a position on motions to intervene.

### Discussion

### Rule 24 Intervention

■ As Tanner acknowledges, this court has no jurisdiction to hear or decide cases between private parties; the court is limited to adjudicating "public rights." *See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 67, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Nevertheless, Rule 24 of the Rules of the United States Court of Federal Claims (RCFC) purportedly permits private parties to intervene as defendants in actions before the court, either as a matter of right or permissively.

■ RCFC 24 is modeled after Rule 24 of the Federal Rules of Civil Procedure (FRCP). *See American Maritime Transp., Inc. v. United States,* 870 F.2d 1559, 1560 (Fed.Cir.1989). Precedent under the FRCP is persuasive in this court. *See Jay v. Secretary of HHS,* 998 F.2d 979, 982 (Fed.Cir. 1993); *Imperial Van Lines Int'l Inc. v. United States,* 821 F.2d 634, 637 (Fed.Cir.1987).

There is no history regarding the grounds for the wholesale adoption of Rule 24 in this court. Given the distinct jurisdiction in this court (where the only defendant is the United States government and the plaintiff may sue only if it falls within certain pre-established categories), it is reasonable to question the appropriateness of modeling the court's third-party practice rules on the Federal Rules.

It also bears noting that intervention is historically disfavored:

> "[F]or the most part, the notion that third persons might invite themselves into lawsuits between others ran counter to the Anglo–American notion that the plaintiff was master of the suit." Fleming James, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* 549 (2d ed.1985). Statutory intervention became more common with the advent of code pleading, although it was often narrow in scope and limited to actions for the recovery of specific real or personal property. *See* Charles E. Clark, *Clark on Code Pleading* 420–23 (2d ed.1947).

RCFC 24(a) sets out only two circumstances when intervention is mandated:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action *and* ... the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, *unless* the applicant's interest is adequately represented by the parties.

(emphasis added).

Tanner meets neither of these conditions. Tanner does not identify a statute giving it an unconditional right to intervene in this action. Also, because the government awarded Tanner the disputed contract, it appears that the government will adequately represent Tanner's interest in this action. While cancellation of the award and resolicitation resulting in an award to another bidder might "impair" Tanner's contract award, Tanner would be able, as a disappointed bidder, to protect its interest in receiving an award by, if appropriate, filing its own protest. *See American Maritime Transp. v. United States,* 870 F.2d 1559, 1561 (Fed.Cir. 1989) (stating that courts will not allow intervention to protect indirect or contingent interests); *Hage v. United States,* 35 Fed.Cl. 737, 740 (1996) (same). Tanner also alleges no factual basis for rebutting the presumption that the government's representation is adequate, *see Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir.1998). Thus, Tanner has stated no basis for intervention as of right at this time.[1]

▪ The potential *stare decisis* effect of a decision often supplies the "practical impairment" required by Rule 24(a). *See Chiles v. Thornburgh,* 865 F.2d 1197, 1214 (11th Cir.1989). If the court's decision will have a limited precedential impact on the prospective intervenor, there is little threat of impairment. *See International Paper Co. v. Inhabitants of the Town of Jay, Maine,* 887 F.2d 338, 344–45 (1st Cir.1989). A prospective intervenor is also not likely to suffer impairment of its interests where it is free to assert its rights in a separate action. *See Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir. 1994). Moreover, the mere inconvenience caused by requiring the prospective intervenor to litigate the matter separately does not constitute the impairment required by Rule 24(a). *See Blake v. Pallan,* 554 F.2d 947, 954 (9th Cir.1977). This proceeding will have no *stare decisis* effect on Tanner in the event that Tanner files its own protest at a later date. It is therefore unlikely that denying intervention in this proceeding will impair Tanner's rights, as required by Rule 24(a).

▪ RCFC 24(b) allows permissive intervention (in the discretion of the court) in two circumstances:

> (1) when a statute of the United States confers a conditional right to intervene; or

---

1. Up until 1966 (the time of the rule's most significant amendment), Federal Rule 24(a)(2) stated: "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." In 1966, these two clauses were replaced by the current version, which eliminated the need to establish that an intervenor in the action would be bound by the judgment.

(2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tanner offers no statute providing it a conditional right to intervene in this action. Nor does Tanner identify a claim or defense in common with those now present, since it is not contesting the award on the grounds claimed by plaintiff and the government's defense may or may not merge with Tanner's. More importantly, Tanner is not adversely affected by the current award of the contract in this case. While Tanner may be affected by a future award (if (1) the contract is resolicited, (2) Tanner decides to submit a bid, and (3) Tanner does not receive the award), it would be a different award than the one at issue here, and thus would not involve the same question of law or fact.

Even under the federal rules, intervention is not permitted if an existing party adequately represents the would-be intervenor's interest. *See United States v. Franklin Parish Sch. Bd.,* 47 F.3d 755, 757 (5th Cir.1995). As stated above, when the government is a party, it is presumed to represent the would-be intervenor's interest. *See Standard Heating,* 137 F.3d at 572. To rebut this presumption, the would-be intervenor must show collusion, adversity of interest, or nonfeasance. *See Massachusetts School of Law at Andover, Inc. v. United States,* 118 F.3d 776, 783 (D.C.Cir.1997); *Edwards v. City of Houston,* 78 F.3d 983, 1005 (5th Cir.1996). Tanner has neither demonstrated nor alleged the existence of any of these factors.

Tanner claims that the government may not adequately represent Tanner's interests because, in the event the court finds plaintiff's bid responsive, the government may award the contract to plaintiff, rather than recompete the solicitation. This argument is without merit. Tanner must show inadequate representation in *this* proceeding, concerning *plaintiff's* objections to the bidding and award to Tanner; it may not be inferred from the possibility of adversity to Tanner in a later proceeding, concerning other issues,

should one be necessary, such as one that may be brought to challenge a recompetition or an award to a different bidder, *e.g.,* to plaintiff. *See Standard Heating,* 137 F.3d at 571; *Solid Waste Agency of N. Cook County v. United States Army Corps of Eng'rs,* 101 F.3d 503, 507 (7th Cir.1996); *Bush v. Viterna,* 740 F.2d 350, 356–57 (5th Cir.1984). Also, if Tanner objects to its current treatment as an awardee, its claim would be styled a breach of contract action, not a bid protest claim by a successful bidder.

■ Finally, in applying RCFC 24(b), the court must take into account whether an intervenor may burden or prolong this proceeding by filing a counterclaim or motions on extraneous issues or by opposing and preventing a settlement between the original parties. *See Solid Waste Agency,* 101 F.3d at 507; *Orion Scientific Systems v. United States,* 28 Fed.Cl. 669, 672 (1993). Tanner has provided no basis for assuring that its participation would impose no burden or prolongation.

### *"Interested Party"*

■ Tanner argues that the Tucker Act, 28 U.S.C. § 1491(b)(1), as amended by the Administrative Dispute Resolution Act, Pub.L. No. 104–320, 110 Stat. 3870 (1996) (ADRA), confers an "unconditional right to intervene" independent of RCFC 24. This is incorrect. Section 1491(b)(1) on its face gives this court jurisdiction only over:

> an action by an interested party *objecting* to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or to the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

(emphasis added). Thus, an "interested party" under § 1491(b)(1) refers only to the party filing the action and making the challenge to the award. Tanner is neither. As previously discussed, Tanner is not, at this stage, "objecting" to an actual or proposed award. Nor has Tanner alleged any violation

of statute or regulation.[2]

The Tucker Act, as amended by the ADRA, does not define "interested party." Therefore, this court has looked for guidance to 31 U.S.C. § 3551(2), which defines the term for General Accounting Office (GAO) protests. *See. e.g., WinStar Communications, Inc. v. United States,* 41 Fed.Cl. 748, 756 (1998); *Cincom Sys., Inc. v. United States,* 37 Fed.Cl. 663, 669 (1997).[3] However, that definition does not advance Tanner's argument for intervention here, since the definition for GAO protests limits participation to "an actual or prospective *bidder* or *offeror* whose direct economic interest would be *affected by the award* of the contract or by *failure to award* the contract." 31 U.S.C. § 3551(2) (emphasis added).

Tanner is not currently an actual or prospective bidder or offeror objecting to a *"proposed* contract or to a *proposed* award," 28 U.S.C. § 1491(b)(1) (emphasis added), because the contract already has been awarded and no new contract has been proposed, no resolicitation having been undertaken. Also, Tanner is not adversely affected by any failure to award the contract, as the contract has already been awarded, to Tanner.

GAO's bid protest regulations, *see* 4 C.F.R. pt. 21, suggest that "interested party," as used in the GAO rules, does not necessarily include an intervenor. The regulations' definition for "interested party" simply mirrors

the definition in 31 U.S.C. § 3551(2), *see* 4 C.F.R. § 21.0(a), which by its terms (as discussed *supra* ) does not encompass Tanner's claim. Moreover, the GAO regulations provide a separate definition for "intervenor": "an awardee if the award has been made or, if no award has been made, all bidders or offerors who appear to have a substantial prospect of receiving an award if the protest is denied." *Id.* § 21.0(b). This strongly suggests that successful bidders or awardees are not subsumed automatically in the category of "interested parties." If they were, it would have been unnecessary separately to define "intervenor." Lacking any regulatory definition of "interested party," a court adopting the GAO definition of "interested party" must apply the statutory definition (mirrored in the regulations), which does not, as indicated above, include would-be intervenors such as Tanner.

Thus, Tanner does not appear to be an "interested party" under either the ADRA or the GAO statute or rules. Tanner alleges no money-mandating constitutional, statutory, or regulatory provision, *see Testan,* 424 U.S. at 398, 96 S.Ct. 948, as it must to bring suit in this court. *See also Brookner v. United States,* 27 Fed.Cl. 423, 424 (1992) (absent a statutory right, "a person seeking to intervene must have an interest in the transaction in suit that would be vindicable in its own right under the court's existing jurisdiction").[4] Nor, as discussed *supra,* does Tan-

**2.** The court's jurisdiction to void a statute or regulation is limited to cases where there is an independent basis for jurisdiction; that is, a claim for money damages. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The voiding of the statute or regulation is effective only as to that case. That is, the court may not enjoin the operation of an unconstitutional statute; it may only fail to give effect to such a statute in the case before it. *See Lee v. Thornton,* 420 U.S. 139, 140, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975) (construing the Little Tucker Act, 28 U.S.C. § 1346(a)(2)). The distinction lies in the fact that this court is generally prohibited from issuing declaratory judgments or injunctions. *See United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

**3.** Similarly, in General Services Administration Board of Contract Appeals (GSBCA) bid protests, only "interested parties" had standing to bring cases. The GSBCA statute adopted the same definition of "interested party" used before the

GAO. *See* 40 U.S.C. § 759(f)(9)(B) (1994); *see also CC Distributors, Inc. v. United States,* 38 Fed.Cl. 771, 776 (1997); *ATA Defense Indus. v. United States,* 38 Fed.Cl. 489, 494 (1997).

**4.** Tanner cites a number of cases in which the Court of Federal Claims granted intervenor status to a successful bidder. *See, e.g., Alfa Laval Separation, Inc. v. United States,* 40 Fed.Cl. 215 (1998); *Allied Tech. Group, Inc. v. United States,* 39 Fed.Cl. 125 (1997); *Day & Zimmermann Servs. v. United States,* 38 Fed.Cl. 591 (1997). These cases are not precedential, nor do they specifically address the issue of intervention. Therefore, they are not binding on this court. *See Huston v. United States,* 956 F.2d 259, 261 (Fed.Cir.1992) ("this court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio* ") (quoting *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (citation omitted)).

ner come within the "interested party" jurisdiction under 28 U.S.C. § 1491(b)(1).

In sum, when, and if, the agency resolicits bids, it is possible that this court may obtain jurisdiction over Tanner's objection to a separate award, or a proposed award, to plaintiff or another bidder. Because that has not as yet occurred, the court may not grant Tanner "interested party" status even under the standard established by the GAO rules. *Cf. WinStar*, 41 Fed. Cl. at 757 (plaintiff is an interested party when *objecting* to a solicitation).

There is another powerful argument against allowing intervention in the absence of a statute expressly so providing. Extending the court's jurisdiction to intervenors not qualifying as interested parties pursuant to the ADRA would violate the longstanding principle that waivers of immunity must be narrowly construed. *See 441 4th St. Ltd. Partnership v. United States*, 26 Cl.Ct. 1233, 1234 (1992) (citing, generally, *Rolls–Royce Ltd. v. United States*, 176 Ct.Cl. 694, 364 F.2d 415 (1966) (narrowly defining the scope of the third-party practice statute)). "[A] court's power to permit intervention is ultimately a function of its jurisdiction." *Id.* at 1234 n. 1.

■ Jurisdiction may not be extended by court rule (such as RCFC 24(a)). *See Widdoss v. Secretary of HHS*, 989 F.2d 1170, 1177–78 (Fed.Cir.1993) (invalidating Claims Court rule promulgated under 28 U.S.C. § 2503(*o*), because "it is well settled that '[a]n authority conferred upon a court to make rules of procedure . . . is not an authority to enlarge its jurisdiction'") (citing, *inter alia*, *United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)), *cert. denied*, 510 U.S. 944, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993); *Rolls–Royce*, 364 F.2d at 419. Federal rules purporting to extend jurisdiction also have been found invalid for that purpose. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Snyder v. Harris*, 394 U.S. 332, 341–42, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

### Amicus Curiae

■ Tanner has not indicated how its position would be jeopardized by participating solely as an *amicus curiae*, rather than as a party intervenor. As *amicus curiae*, Tanner may, without the court's prior consent, file briefs responsive to dispositive motions or to other major motions. *Amicus* may also, of course, appear at all public hearings and proceedings. At that time, the court may request *amicus'* views. If both parties consent, *amicus* may be present at depositions or other discovery proceedings.

However, as to all other activities, Tanner as *amicus curiae* must obtain the court's prior consent. Such other activities include, but are not limited to: (1) filing initial motions; (2) taking discovery or participating in discovery of any party; or (3) attending or participating in settlement discussions. *Cf. Solid Waste Agency*, 101 F.3d at 507 (discussing how an intervenor may burden or prolong a proceeding); *Orion*, 28 Fed.Cl. at 672 (same).

### Conclusion

Tanner's motion to intervene is denied. Tanner is allowed to participate as *amicus curiae* under the terms and conditions set forth above. The Clerk is directed to return as unfiled Tanner's "Answer and Cross–Claim," "Original Brief," "Reply Brief," and "Response to Plaintiff's Motion for Leave to Respond to New Factual Allegations." As *amicus curiae*, Tanner shall file or re-file pleadings only as they meet the foregoing standards. In the interest of conserving their resources, the parties are not required to respond to such pleadings unless a motion for leave has been filed with and granted by the court.