# In the United States Court of Federal Claims

No. 22-1554C
(Filed: December 12, 2022)
**FOR PUBLICATION**

\**************************************

| | |
|---|---|
| AIR BOREALIS LIMITED PARTNERSHIP, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| UNITED STATES, | * |
| | * |
| Defendant, | * |
| | * |
| and | * |
| | * |
| KENN BOREK AIR LTD., | * |
| | * |
| Defendant-Intervenor. | * |
| | * |

\**************************************

*Tyler Dahlin Evans*, Steptoe & Johnson LLP, Washington, D.C., for Plaintiff. With him on briefs were *Caitlin Conroy* and *Joseph McClure*, Steptoe & Johnson LLP, Washington, D.C.

*Amanda L. Tantum*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With her are *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, *Patricia M. McCarthy*, Director, and *L. Misha Preheim*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C, as well as *Alissa J. Schrider*, Major, USAF, Trial Attorney, and *Sandy Caruco*, Trial Attorney, Langley AFB, Virginia.

*Mark D. Colley*, Arnold & Porter Kaye Scholer LLP, Washington, D.C., for Defendant-Intervenor. With him on briefs were *Amanda J. Sherwood* and *Julia Swafford*, Arnold & Porter Kaye Scholer LLP, Washington, D.C.

## OPINION AND ORDER

Air Borealis Limited Partnership ("Air Borealis") protests award of a contract to provide airlift support services for the United States Air Force in the Canadian

Arctic. *See* Compl. (ECF 1). The offeror that will perform the work and receive payment, Kenn Borek Air Ltd. ("Kenn Borek"), has moved to intervene. *See* Motion (ECF 17). The government has not opposed, but Air Borealis has. *See* Opp. (ECF 25); *see also* Reply (ECF 28). Air Borealis's arguments are meritless, so the motion is **GRANTED**.

The dispute over intervention arises from an unusual regulatory system for certain contracts with Canadian suppliers. Kenn Borek and Air Borealis have not supported their briefs with documentary evidence, and Kenn Borek does not yet have access to the administrative record. Air Borealis has also raised complex legal arguments, going to the merits, about regulatory requirements for the award process. As a result, some of the details are uncertain. The parties agree, though, on the broad outline, which is as follows.

United States Department of Defense ("DoD") contracts with Canadian suppliers are, with certain exceptions, managed by the Canadian Commercial Corporation ("CCC"), a "Crown corporation" owned by the Canadian government. Although bids in this case were submitted to DoD, the CCC had at least some role in reviewing them. *See, e.g.*, Defense Federal Acquisition Regulation Supplement ("DFARS") 225.870-3 (codified at 48 C.F.R.). DoD then typically awards the contract to CCC, DFARS 225.870-4(a), which in turn awards the contract to the successful offeror and administers the contract, DFARS 225.870-1(c). The Canadian government guarantees performance of contracts awarded to the CCC. DFARS 225.870-1(a). But the successful offeror performs the work. Although payment passes through the CCC, in substance it goes from DoD to the successful offeror. In this case, again, Kenn Borek was the successful offeror.

There are two grounds for intervention: intervention as of right, and permissive intervention. *See* RCFC 24. As relevant here, this Court must permit timely intervention as of right when a proposed intervenor:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2).[1] The proposed intervenor's interest must be "of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment." *Am. Mar. Transp., Inc. v. United States*, 870

---

[1] The parties do not dispute timeliness. Kenn Borek moved to intervene before the deadline set by the Court's scheduling order (ECF 15), and more than a month before its motion for judgment on the administrative record would be due. The motion is therefore timely.

F.2d 1559, 1561 (Fed. Cir. 1989) (quoting *United States v. AT&T*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)). In addition, only a "legally protectable" interest counts, *i.e.*, an interest "which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* at 1562 (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). The Court has discretion to grant a timely motion for permissive intervention when a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," taking into account whether intervention would "delay or prejudice the adjudication of the original parties' rights." RCFC 24(b).[2] Intervention in this case is appropriate under either ground.

Kenn Borek may intervene as of right. RCFC 24(a)(2).[3] It appears from the limited facts presented in the motion briefs that Kenn Borek holds a legal right to be paid for its work. Kenn Borek received that right after participating in a contracting process which — while different from other contracting processes because of CCC's involvement — is still governed by statutes, regulations, and caselaw. That right constitutes an "interest relating to the … transaction that is the subject of the action." *Id.* Kenn Borek stands to lose the interest by operation of a judgment resolving this case in favor of Air Borealis. *Am. Mar. Transp.*, 870 F.2d at 1561. The interest is "legally protectable" because it belongs to Kenn Borek directly. *Id.* as 1562.

Air Borealis argues that because of CCC's presence as an intermediary, Kenn Borek is essentially a subcontractor with only an indirect economic interest in the case. *See* Opp. at 2–3. That is absurd, verging on frivolous. Unlike other subcontractors, Kenn Borek has a legal right — awarded by government agencies acting pursuant to legally defined processes — to be paid for work. That leaves no defensible comparison between Kenn Borek and the unsuccessful intervenors in Air Borealis' authorities. *See, e.g.*, *Am. Mar. Transp.*, 870 F.2d at 1562 (party "having no privity claim in a contract"); *Aeroplate Corp. v. United States*, 112 Fed. Cl. 88, 92 (2013) (similar); *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1327 (Fed. Cir. 2007) (party with an interest separate from the

---

[2] A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." RCFC 24(c). No such pleading accompanies Kenn Borek's motion, but although Air Borealis argues that Kenn Borek has not identified claims or defenses, it has not objected to the lack of a pleading. This Court has sometimes considered a pleading unnecessary in bid protest interventions. *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 n.2 (2020).

[3] Many decisions from this Court grant intervention as of right to successful offerors in bid protests, often as a matter of course with little debate. *See, e.g., Winston-Salem Indus. for the Blind, Inc. v. United States*, 144 Fed. Cl. 644, 646 (2019); *Tech. Innovation All. LLC v. United States*, No. 19-1115C, 2019 WL 3521928 (Fed. Cl. Aug. 1, 2019); *Progressive Indus., Inc. v. United States*, No. 14-1225C, 2015 WL 1810495, at *3 (Fed. Cl. Apr. 17, 2015); *Emerald Coast Finest Produce Co. Inc. v. United States*, 74 Fed. Cl. 679 (2006); *RISC Mgmt. Joint Venture v. United States*, 69 Fed. Cl. 624, 626 n.2 (2006).

one subject to litigation); *Anchor Sav. Bank, FSB v. United States*, No. 95-39, 2012 WL 3870824, at *2 (Fed. Cl. Aug. 31, 2012), *aff'd,* 534 F. App'x 1000 (Fed. Cir. 2013) (similar); *Osage Tribe of Indians of Oklahoma v. United States*, 85 Fed. Cl. 162, 170 (2008) (party with no interest in the property subject to the suit). Rather than viewing CCC as a contractor and Kenn Borek as a subcontractor, it may even be more accurate to characterize CCC as a delegee of DoD's authority in issuing the contract.

This case is much more like *Mitchco International, Inc. v. United States*, 149 Fed. Cl. 683 (2020). That case involved a statutory system for awarding contracts that resembles the regulations applicable here. "[T]he nominal awardee" of a contract was the Commonwealth of Kentucky as a "sponsoring state agency," but the nominal subcontractor was the entity "that st[ood] to win or lose economically in the end." *Id.* at 685. After granting permissive intervention, the Court explained that "intervention would be permissible under [RCFC] 24(a)(2)" as well. *Id.* At argument Air Borealis distinguished the statutory contract system on various bases, but all that seems to have mattered for the *Mitchco* Court's analysis of the proposed intervenor's interest was the economic substance.

Air Borealis similarly emphasizes that CCC has an independent interest because of its role as a reviewer of offers and as guarantor and administrator of the contract. Opp. at 4–5. I assume, without deciding, that CCC has such an interest. But that is irrelevant to the legal standard, which looks to Kenn Borek's interest — not to whether other parties also have an interest. Whatever decisions CCC might have made during the award process, and whatever it might do as intermediary between Kenn Borek and DoD, I see no real dispute that the net result of the procurement has been to assign Kenn Borek a legal right to work and be paid. The rest seems to be mere distraction and indirection.

The government's presence in the case is not adequate to protect Kenn Borek's interest. RCFC 24(a)(2). Courts presume that "the government as sovereign adequately represents the interest of citizens concerning matters that invoke 'sovereign interests.'" *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations*, 695 F.3d 1310, 1316 (Fed. Cir. 2012) (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir. 1998)). Air Borealis cites a handful of authorities applying that presumption more broadly whenever the government is a party, including one case involving interventions by an awardee in a bid protest. Opp. at 6; *see Anderson Columbia Env't, Inc. v. United States*, 42 Fed. Cl. 880, 882 (1999). But that is mistaken. *See Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 418 n.14 (2006). While the government may well represent citizens when it comes to sovereign interests, the government's interest in receiving contractual performance and defending its

decisions during a procurement is distinct from a contractor's interest in receiving an award and being paid. *See, e.g.*, *Mitchco*, 149 Fed. Cl. at 685 ("The federal government is largely indifferent to who actually performs the work[.]"); *Winston-Salem Indus. for the Blind*, 144 Fed. Cl. at 645 (2019) (similar); *Northrop Grumman*, 74 Fed. Cl. at 418.

Because the government and Kenn Borek have different aims, it is entirely possible that the government could take positions that are not in Kenn Borek's interest. The government might deny procedural errors that Kenn Borek would concede and defend as harmless. Or the government might concede deficiencies in Kenn Borek's proposal that Kenn Borek would not admit to. In short, when the government is participating in commerce, it is unrealistic to think that "collusion, adversity of interest, or nonfeasance" should be necessary to show different interests when it comes to Kenn Borek's rights. Opp. at 6 (quoting *John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 656 (2004)). Kenn Borek's burden to show inadequacy in the government's representation is "minimal," *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972), and so is met here.

I also conclude that Kenn Borek is entitled to permissive intervention. Air Borealis argues that Kenn Borek "has not identified any claims or defenses that it could assert that share a common question of law or fact with the award decision." Opp. at 7; *see* RCFC 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."). That argument is inconsistent with the law.

Air Borealis relies on a hypertechnical theory that because it has not asserted a claim against Kenn Borek, Kenn Borek does not have a "defense" within the meaning of RCFC 24(b)(1)(B). Opp. at 7–8. But the Supreme Court has explained that the analogous federal rule "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *SEC v. U.S. Realty & Improvement Co.,* 310 U.S. 434, 459 (1940). The "defenses" contemplated by the rule are simply "the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (quoting *Diamond v. Charles,* 476 U.S. 54, 76–77 (1986) (O'Connor, J., concurring in part and concurring in judgment)).

That definition plainly encompasses the arguments the government and Kenn Borek could raise in motions for judgment on the administrative record, *e.g.*, that the procurement processes in this case were not arbitrary and capricious. Even if Kenn Borek has not itself been sued, its arguments are the "*kind* that *can*" be raised in

litigation. *Id.* (emphasis added). And whatever Kenn Borek's exact arguments turn out to be, they would "share[] with the main action a common question of law or fact" simply because they would arise from the same procurement, reflected in the same administrative record, and governed by the same law. Although this Court usually allows successful offerors in bid protests to intervene as of right, it has also allowed permissive intervention. *See Mitchco*, 149 Fed. Cl. at 685.

Air Borealis also suggests that permissive intervention should be denied as a matter of discretion, or because it would "delay or prejudice the adjudication of the original parties' rights." RCFC 24(b). Air Borealis claims that intervention would "unnecessarily add to the expense of litigation and result in duplicative pleadings" because Kenn Borek and the United States will seek the same result based on the same administrative record. Opp. at 9. That presumes, contrary to the law, that the government's litigation positions will be coextensive with Kenn Borek's. Their litigation positions may overlap, but Air Borealis's prognostications are not a good reason to deny Kenn Borek its say.

I have considered Air Borealis's remaining arguments and found them without merit.

## CONCLUSION

For the foregoing reasons, the motion to intervene (ECF 17) is **GRANTED**.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge